319 So.2d 718

**Bernard Elmer WALKER, Jr.**

**v.**

**Mary Ann WALKER.**

**Civ. 586.**

Court of Civil Appeals of Alabama.

Sept. 17, 1975.

Benjamin E. Pool, Montgomery, for appellant.

D. Coleman Yarbrough, Montgomery, for appellee.

HOLMES, Judge.

This is a divorce case.

Appellee-wife sued for divorce in the Circuit Court of Montgomery County on the grounds of incompatibility of temperament and irretrievable breakdown of the marriage. Appellant-husband counterclaimed for divorce alleging adultery. Testimony was taken *ore tenus*.

The trial court entered a final decree dissolving the bonds of matrimony between the parties as prayed for by the appellee-wife, and denying the counterclaim of appellant-husband. The decree also awarded to the parties their separate bank accounts, the automobiles then in their possession, and the personal property which was theirs before the marriage; gave the homeplace to the wife, with the requirement that she assume the first mortgage thereon and that the second mortgage thereon be the joint obligation of both parties; further awarded certain realty in the State of Florida and certain cemetery lots to the husband, and made a division of various other personal property.

Appellant-husband contends through able counsel that the trial court erred to reversal in that the final decree of divorce was contrary to the evidence, was inadequate and unfair to the husband and contrary to the weight of the evidence, and that the trial court abused its discretion by not granting to the husband a greater award than it in fact made.

The evidence indicates that the parties were married for some nine years, during

which time both of them contributed their efforts and respective income to the joint marital enterprise. The marriage was the second one for appellee and the third for appellant. Appellee had two minor children by her first marriage. The homeplace was the property of appellee-wife prior to the marriage, while the Florida realty and the cemetery lots were acquired by the parties during the marriage. Appellee made $475 per month take-home pay and had some $20 in savings, while appellant, a disabled veteran, received approximately $900 monthly from disability and other sources and had a $1,500 savings certificate.

It is appropriate to initially note that where a judgment or decree is entered by the trial court after a hearing *ore tenus,* it is presumed to be correct and will be reversed on appeal only if the reviewing court, after consideration of all the evidence and all reasonable inferences to be drawn therefrom, concludes that it is plainly and palpably wrong. *Hicks v. Hicks,* 52 Ala.App. 586, 296 So.2d 180; *McDonald v. McDonald,* 280 Ala. 299, 193 So.2d 519; *Harrison v. Harrison,* 279 Ala. 675, 189 So.2d 471. It is also settled that a division of property does not have to be an equal one, but only one which is graduated according to the circumstances of the case. *Hicks v. Hicks, supra; Eubanks v. Eubanks,* 52 Ala.App. 224, 291 So.2d 159; *Pope v. Pope,* 268 Ala. 513, 109 So.2d 521.

Applying the above cited principles to the instant case, it is clear that no palpable error has been committed by the court below. There was sufficient testimony regarding the abusive and threatening behavior of appellant-husband, and his intemperate use of alcohol, to justify the finding of incompatibility by the trial judge, as defined by this court in *Phillips v. Phillips,* 49 Ala.App. 514, 274 So.2d 71.

There was also no error committed by the trial judge in refusing to find that appellee-wife had committed adultery, as the evidence in this regard is for all practical purposes nonexistent; no useful purpose would be served in detailing this testimony.

Certainly, no error can be found in the property division when the only significant award to the wife was the homeplace. As noted heretofore, this home was the wife's prior to her marriage to appellant. It is equally clear the trial court did not abuse its discretion in requiring the appellant-husband to assist in making the second mortgage payments on the home. To this court, not only is it manifest that there has been no error to the prejudice of appellant in relation to the division of property, but rather the decree appears to this court to be imminently fair to both parties.

Counsel for the wife has requested an attorney's fee for his representation of the wife on this appeal. Such an award is discretionary with this court. See *Colombaro v. Colombaro,* 54 Ala.App. 157, 306 So.2d 23.

Appellee's counsel suggests approximately $500 as a reasonable attorney's fee for his services. Considering all relevant factors, we agree. Appellant is hereby directed to pay $500 to appellee for her attorney's services on this appeal.

All assignments of error having been considered, the judgment is due to be affirmed.

Attorney's fee on appeal awarded; affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.