320 So.2d 694
Lucille **CONWELL**

v.

Lester **CONWELL.**

Civ. 552.

Court of Civil Appeals of Alabama.

Oct. 15, 1975.

J. A. Hornsby, Gadsden, for appellants.

No brief for appellee.

HOLMES, Judge.

This is an appeal of a divorce case from the Circuit Court of Calhoun County.

The appellant-wife by appropriate assignments of error contends the trial judge erred to reversal by his failure to recuse himself upon proper motion, and in his award of alimony and division of property.

A review of the record reveals the following pertinent facts:

The parties were married for some eighteen years. No children were born of the marriage. Appellee-husband served in the United States Army from prior to the time of the marriage in 1956 until his retirement in 1973. Due to the husband's military service he lived with appellant-wife for a total of only some seven years during the marriage. The wife resided in Anniston while appellee served various duty assignments elsewhere in the United States and abroad.

Appellant received monthly allotments from her husband's military pay which were gradually increased from $137 to $500 over his period of service. There was conflicting testimony as to what the amounts of the various increases were and when they took place. These allotments at time constituted as much as half of appellee's pay. Appellant also garnered an apparently not inconsiderable income from playing "skin," a card game at which she seems to have developed signal expertise.

Various property was accumulated by the parties during the marriage. A residence on Mulberry Street in Anniston, valued by an appraiser at $14,500, was owned jointly by appellant and appellee. The wife acquired in her own name a lot situated in Dayton, Ohio, which she contends was purchased with her own funds. Upon sale of the property, a mortgage in the amount of $9,500 was executed in favor of both of the parties.

Appellant also acquired in her own name another lot on 18th Street in Anniston. A considerable amount of personal property, furniture and the like, was amassed. There were checking and savings accounts, both joint, containing respectively some $800 and $1,900.

When the parties separated immediately prior to this action, appellant-wife removed what appears to be most of the furniture from the residence, and obtained all monies from the bank accounts.

At the commencement of the action, appellant owned a 1974 Lincoln Continental Mark IV and appellee a 1972 Dodge pickup truck. Appellee had an income of approximately $730 per month from retirement and disability pay. Appellant was unemployed, under medical care for arthritis, and testified that she was unable to continue card playing in that the place she was now staying was not large enough.

Divorce was granted the parties on the ground of incompatibility of temperament. The trial court by its decree awarded to the parties the monies, bank accounts, motor vehicles, and other personal property then in the possession of each of them; granted to appellant the 18th Street property in Anniston, the entire mortgage proceeds on the Dayton, Ohio, property, and $150 per month alimony; and awarded to appellee the residence on Mulberry Street.

At the outset, we find no merit in able counsel for appellant-wife urging error in that the trial judge improperly refused to recuse himself.

This case is before us from its second trial below. A rehearing was granted on motion urging error in that appellant-wife was not awarded the Mulberry Street residence and that she received no alimony. Learned counsel for the .appellant-wife contends that before the second trial of the cause the trial judge stated in substance that he would not award the residence to appellant. However, at the hearing on the motion for recusal the following statements were made by the court:

"And, on the evidence concerning the property division, that, of course, is a legal question. And when we get the evidence in order and I am in error in my analysis of the evidence, I'm going to change. So that my analysis of the evidence that would be presented in another case would be substantially the same as that I have heard before, according to my recollection, and I probably wouldn't change the property division."

We are of the opinion that these remarks show no prejudgment on the part of the trial judge, but rather demonstrate a willingness to revise the property division if, but only if, he had been in error as to the facts at the first trial. Furthermore, bias or prejudice, as distinguished from a pecuniary or personal interest in a cause, may not necessarily be grounds for recusal under Tit. 13, § 6, Code of Ala._1940. See *Fulton v. Longshore,* 156 Ala. 611, 46 So. 989; *Street v. Hutto,* 46 Ala.App. 324, 241 So.2d 848.

Able counsel urges that appellant should have been awarded the Mulberry Street residence, in that under one view of the evidence she paid much of the purchase price and paid for repairs and renovation. He also urges that she should have received more alimony.

We note that the granting of alimony and division of property in a divorce decree is within the discretion of the trial court and will not be disturbed on appeal in the absence of proof that discretion was exercised in an arbitrary and unjust manner. *Romei v. Romei,* 53 Ala.App. 391, 300 So.2d 834. Also, a property. division does not have to be an equal one, but only one which is graduated according to the nature of the particular case. *Hicks v. Hicks,* 52 Ala.App. 586, 296 So.2d 180.

We furthermore note that we cannot substitute our judgment for that of the trial court. *Scott Paper Co. v. Novay Cherry Barge Service, Inc.,* 48 Ala.App. 368, 265 So.2d 150.

Viewing the decree in light of these presumptions, we cannot say that the lower court erred to reversal in its division of property. In this instance the acquisition of property during marriage must be considered as a joint enterprise, so that upon dissolution of the marriage to attempt to ascertain which party originally supplied purchase money is neither the sole nor the most salutary method of property division. *Meyers v. Meyers,* 55 Ala.App. 697, 318 So.2d 725 (1975).

Counsel for appellant contends that inclusion in the decree of the 18th Street property owned of record by her alone was erroneous and prejudicial to her receiving a fair settlement. However, even disregarding the inclusion of this property, we cannot say that the division was inequitable as to appellant. We additionally note that it was acquired during the marital endeavor.

Examining the totality of circumstances in the case, we can find no error in the award of alimony. Appellee-husband's income is some $730 per month. Considering the resourcefulness of the wife, to wit, her stated ability to make over $1,000 in a weekend playing "skin," we do not hold an

award of approximately 20% of the husband's income to be reversible error.

All assignments of error having been considered, and there being no error in the record, the case is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.