323 So.2d 380

**Lillie Mae White CLARY**

v.

**Francis O. CLARY.**

**Civ. 592.**

Court of Civil Appeals of Alabama.

Dec. 3, 1975.

Rosen, Wright, Harwood & Albright, Tuscaloosa, for appellant.

Hubbard, Waldrop & Jenkins, Tuscaloosa, for appellee.

WRIGHT, Presiding Judge.

This is an appeal from a judgment of divorce, alimony and property settlement.

Parties herein were married in 1938, reared four children, accumulated a substantial estate of real property and separated in March, 1971. The husband brought suit for divorce June 19, 1973. The wife filed counter-claim seeking divorce, alimony and division of property. Trial was held in July, 1974. Judgment granting divorce to the wife, awarding alimony in gross of $26,500.00, and property settlement of $50,000.00 was entered October 21, 1974. The property award was directed to be paid in installments of $400.00 per month for a period of 125 months, without interest or security except for any past due installment. All real and personal property was given to the husband except for an automobile and an interest in an estate inherited by the wife from her father. The wife appeals from the award of alimony and property settlement. We affirm in part and reverse in part with directions.

Having carefully reviewed the testimony presented, and considered the judgment rendered thereon after oral hearing with the presumption of correctness required by law,[1] we conclude that the amount of alimony and property settlement awarded to the wife is not plainly erroneous. However, we find that the manner of payment of the property settlement ·is unfair and unjust and is due to be corrected.

1. *Body v. Body*, 47 Ala.App. 443, 256 So.2d 184; *Killingsworth v. Killingsworth*, 284 Ala. 524, 226 So.2d 308.

The testimony presented to the trial court tends to show the following in brief summary:

The parties married at an early age and without means of support. The father of the wife was a large landowner and farmer in Hale County, Alabama. Housekeeping was begun in a tenant house of the wife's father with the husband attempting share-cropping. A child was born. Husband entered the army in 1940 and remained until 1945. The wife and child lived with her parents. Allotment for support was made to the wife and child. Other monies were sent by the husband from time to time. The wife lived frugally and accumulated a bank account of some $4,500.00. In 1948, using the money saved by the wife, the parties began to purchase land. They purchased 40 acres and a ⅛ interest in the 3,500-acre White estate in 1948, 20 acres in 1949, and in 1951, purchased a gin from the wife's father. In subsequent years the father forgave interest on the purchase price of the gin, and after his death in 1958 the remaining balance of $5,700.00 was never paid. In 1954, an additional 1.7 acres was purchased adjoining the gin property. In 1956, a new gin was purchased and a building constructed for it. Subsequently lint cleaners were installed. The total cost of the new installation came to some $73,000.00. In 1958, wife's father died and she inherited a ⅛ interest in the White estate. In 1968, a contract was executed selling the standing timber on the White estate for $265,265.00, and leasing the timber land for 50 years at an annual rent of $16,752.00. From this contract, the parties here jointly received a total of $22,790.00 prior to the separation in March, 1971. In 1970, they purchased the Clary estate consisting of over 590 acres for $90,000.00. Later 240 acres of the tract were sold for $30,000.00 and full payment for the whole tract was made. Various other tracts were purchased and subsequently sold at considerable profit. During all of the marriage the husband was farming large acreage. All monies went into a joint account and all purchases were made from that account. The wife reared the children, sewed their clothes, annually made a large garden, canned, preserved and froze food for the family. She kept the books on the gin and farming operations, worked at the gin in season, aided in the farming and advised with her husband in all business transactions. The income from and assets of her inherited estate went into the common fund. In addition to the real property, large amounts of farming equipment were purchased, used and accumulated.

At the time of separation, the assets were free from debt except for a small unpaid balance on the new gin. There was over $9,000.00 in the joint account. This account when closed by the husband some months after the separation contained $6,765.12.

In the 1960's the husband began to use alcohol excessively and to be abusive to his wife. Their son was killed in 1969. His wife was subsequently killed the same year, leaving a small daughter. These parties obtained legal custody of that child and she is now with the wife. Prior to the wife leaving the home in 1971, the husband physically abused her severely, accused her of adultery and threatened to kill her and her daughter. The husband has furnished no support to the wife or his granddaughter since she left and has physically assaulted her on one occasion since the separation and, according to the wife, forced her to have sexual intercourse with him. He has been arrested and jailed at least twice and has been hospitalized several times for intoxication and related ailments.

According to our best calculations from the evidence, the husband, since the separation and through 1974, has received from rents, subsidies, timber leases and from the balance in the bank account over $96,000.-00. Income from his large farming operations during this time was not shown by the evidence. Though the ginning opera-

tion was shown to suffer losses after deducting large depreciation, a financial statement furnished by the husband to the government in 1973 stated a net worth of $351,833.31. At the time of hearing, the husband stated he had accumulated debts of $95,000.00, secured by security interests in farming equipment and trucks.

The wife has subsisted since the separation on the income from the timber sale and lease on the White estate. From this income she has managed to live and accumulate some savings. It is to be noted here that the husband received the same amount of income from his equal interest in the White estate. It is further to be noted that the annual payment on the timber sale expires in 1978. After that the only income will be slightly over $2,000.00 annually to the wife from the timber lease.

We find no need in this opinion to discuss the various tables of valuations exhibited by each of the parties in brief. The trial judge had all these figures before him when rendering judgment.

■■ We have considered them in light of the whole evidence as summarized hereinabove. Applying principles of law and equity common to divorce cases wherein alimony and property settlement is requested and granted, recognizing that these are matters largely addressed to the discretion of the trial court, subject to change on appeal only for clear abuse and injustice,[2] we find the amount of alimony in gross and the sum of the property settlement not so clearly erroneous or unjust as to require reversal. However, in light of the fact that the assets of the husband are largely in real estate subject to encumbrance or even sale, we find the manner of payment of the property settlement unfair and too subject to loss in part or total to be permitted to stand. It is clearly evident that

the wife has greatly contributed in labor, actual cash, frugality and other means to the accumulation of the marital estate. In securing her interest therein she is entitled to every protection available to the court to insure that she receives the sum allotted to her either in present cash value or in property of such present value. It just happens that such means are clearly available to the court.

■ It is without dispute that the 1/8 interest of the White estate to which the husband holds title has a present value of $50,000.00. It is further evident that it provides a small income which will supplement the equally small income which the wife receives from her inherited 1/8 interest in the same estate. Such combined income will serve to provide for the wife and assist her in providing for the small grandchild for which she has responsibility of rearing. The awarding of the interest of the husband will prevent further prosecution by him of his suit for sale and division of the White estate which is presently pending according to the evidence.

We therefore reverse the decree insofar as it awards the sum of $50,000.00 as a property settlement, such award to be paid at the rate of $400.00 per month, without interest, for a period of 125 months. In lieu of such award, we direct the court to award to Lillie Mae White Clary the 1/8 interest of Francis O. Clary in the property known as the White estate, requiring the said Francis O. Clary to execute a deed to said property to Lillie Mae White Clary of his said interest free of all encumbrances. We further direct that the court declare and impose a lien upon the property awarded to Francis O. Clary, to secure the payment of the sum of alimony in gross awarded to Lillie Mae White Clary and the payment of the sum awarded to her as attorney fees. All other portions of the decree below are affirmed.

2. *Hewitt v. Hewitt*, 285 Ala. 516, 234 So.2d 283; Title 34, Section 32, Code of Alabama (1940).

The request for attorney's fees by appellant on appeal is considered and is hereby denied.

Affirmed in part, reversed in part with directions.

BRADLEY and HOLMES, JJ., concur.