331 So.2d 715

**Margaret H. BROOKE**

v.

**Jefferson P. BROOKE.**

**Civ. 708.**

Court of Civil Appeals of Alabama.

May 5, 1976.

Robert E. Paden, Bessemer, for appellee.

Stone, Patton & Kierce, Bessemer, for appellant.

HOLMES, Judge.

This is a divorce case.

The husband petitioned the Circuit Court of Jefferson County, Bessemer Division, for a divorce. He alleged incompatibility of

temperament as the ground for divorce. The wife answered, admitting incompatibility, but denied that such incompatibility was her "fault." Additionally, the wife filed a counterclaim seeking a divorce on the grounds of adultery, voluntary abandonment, and incompatibility of temperament. The petition also prayed for a division of the parties' property and alimony.

After a hearing *ore tenus,* the learned trial court divorced the parties on the ground of incompatibility of temperament, made what this court determines to be property division, and awarded periodic alimony.

The wife takes this appeal and urges error in that the trial court granted husband a divorce on the ground of incompatibility of temperament and denied the wife a divorce on the grounds of adultery and/or voluntary abandonment for one year or more. The wife also contends the trial court erred to reversal in the award of alimony and the property division.

The record reveals that the parties had been married for approximately thirty years at the time of the divorce. However, they had been separated for about two years prior to the divorce. There were three children born of the marriage. Each of the children is now over the age of twenty-one years. The husband is a practicing physician in Bessemer, Alabama. He earns approximately $60,000 per year income. The wife is not employed and has no apparent marketable employment skills. In fact, she has only worked for a very short time while the husband was in military service during World War II. The testimony reveals that the marriage is characterized by bickering, unhappiness, the husband berating and belittling the wife, a long period of separation (two years) prior to the divorce, and lack of communication. Additionally, the husband testified there was no hope of a reconciliation. There was further testimony that during the marriage the wife maintained a good home,

took excellent care of the children, and was not extravagant.

There was also testimony that the husband, after the parties separated, but prior to the divorce, was "seeing" another woman. The husband and this third party went to restaurants, clubs, and played golf together. There also were several out of town trips made together by the husband and the third party. Additionally, there was testimony that the husband had spent the night in the apartment of the third party and testimony that the third party had spent the night in the apartment of the husband. However, explanations were given as to these trips and occasions of spending the night. Specifically, any sexual relationship between the parties was denied.

While there was some conflict as to the assets accumulated during marriage, we find the following: There is a homeplace and adjoining lot with an approximate value of $100,000. This home and adjoining lot are jointly owned. There is a building wherein the husband maintains his office, the husband's interest being $35,000. There are stocks in various corporations worth approximately $70,000. These stocks are either jointly held or are in the name of the husband. In addition to the above, the wife has approximately $27,000 worth of stock in her own name. It is not clear to this court how these stocks were obtained, but we determine this to be the separate estate of the wife. There were jointly owned savings of a value of approximately $19,000; savings of $10,000 in the husband's name alone; and $2,500 in the wife's name alone. Additionally, there were checking accounts of $8,000 in the husband's name and approximately $2,000 in the wife's name. There were also two 1973 automobiles.

In addition to the above, the husband had an interest in a real estate mortgage. This interest was valued at approximately $75,000 and bore interest at 7% per annum.

Additionally, the husband owned stock of a value of approximately $35,000. Both the mortgage and the $35,000 of stock were from the husband's father's estate.

The husband's income, as noted above, was approximately $60,000 per year. The only income the wife had was about $1,200 per year from the aforementioned stock, which was in her name alone.

The trial court divorced the parties on the ground of incompatibility of temperament. Specifically, the trial court stated the following:

"(1) That the prayer of the Plaintiff for an absolute divorce from Defendant on the ground of incompatibility be and the same is hereby granted and the bonds of matrimony heretofore existing between Jefferson P. Brooke and Margaret H. Brooke are hereby dissolved and the parties are forever divorced from one another by decree a vinculo matrimonii on the ground of incompatibility.

\*    \*    \*    \*    \*    \*

"(3) That the prayer of the Defendant, Cross-Plaintiff, for a divorce on the ground of adultery and voluntary abandonment and incompatibility allegedly caused by the Plaintiff's adulterous relationship and other reasons be and the same is hereby denied."

Additionally, the trial court ordered the homeplace sold and the proceeds equally divided between the parties. The household goods were divided and each party was awarded one of the automobiles. The wife was given $11,000 worth of "paid-up" life insurance on the life of the husband with the wife as beneficiary. The husband was ordered to give the wife stock of a value of $6,700. In addition, the wife was awarded $8,500 of the jointly held savings account. The wife maintained her stocks, savings, and checking accounts which were in her name alone. The wife was also given $900 per month as periodic alimony.

I

Able counsel for appellant-wife argues that the trial court erred in granting the divorce on the husband's petition alleging incompatibility of temperament as a ground for divorce. Put another way, the wife contends that the divorce if granted on the ground of incompatibility should have been granted on her counterclaim which alleged incompatibility.

While the learned trial court's choice of words as noted above may be somewhat inappropriate, there was evidence, as seen from the above stated testimony to support a finding by the trial court that a state of incompatibility did in fact exist. As this court said in *Phillips v. Phillips,* 49 Ala. App. 514, 520, 274 So.2d 71, 77:

"If the incompatibility be established by the evidence in the trial court, a divorce may be granted without any specific determination as to whether either, both or neither of the parties is responsible or at fault as we traditionally consider fault. It is only incumbent upon the party bringing the action to establish by the evidence that a state of incompatibility exists."

As we have noted, there was evidence presented to the trial court that a state of incompatibility existed. We would note that the trial court's order does not determine who is at "fault," only that the petition of the husband praying for a divorce on the ground of incompatibility of temperament was due to be granted. We further note that the wife in her answer to the husband's petition admitted the incompatibility. We therefore find no error which requires reversal.

As to appellant-wife's contention that the divorce should have been granted on the grounds of adultery or voluntary abandonment, suffice it to say that the evidence in regard to these grounds were somewhat in conflict. It is for the trier of facts to resolve that conflict. While there

was evidence to support a finding of adultery, the trial court did not so find. The law in this instance does not allow this court to substitute our own judgment for that of the trial judge. *Sutton v. Sutton,* 55 Ala.App. 254, 314 So.2d 707.

## II

We now address ourselves to a most difficult question presented by this appeal. Did the trial court abuse its discretion in the award to the wife? We find that the learned trial court did err.

■ This court and the Supreme Court of Alabama have said on numerous occasions that there is no fixed standard in determining what is a proper award. The award to the wife depends upon many relevant factors, considered in light of what is just and reasonable. See *Davis v. Davis,* 274 Ala. 277, 147 So.2d 828, 1 A.L.R.3d 1. Relevant factors are future prospects of the parties; their ages, sex, health, and station in life; how long they were married; and in appropriate cases, the conduct of the parties with reference to the cause of the divorce.

■ We should here point out that in this instance, it would be appropriate for the trial court to consider the conduct of the parties even though the divorce was granted on the ground of incompatibility of temperament. We find the following in *Gamble v. Gamble,* 53 Ala.App. 168, 173, 298 So.2d 254, 258:

"We note, however, that *Phillips, supra,* has not prohibited the trial court from considering fault as it may be pertinent in determining a proper award of alimony. As we stated in *Phillips,* in discussing alimony where the ground of divorce was incompatibility, we held:

"'While there is no fixed standard for determination of alimony, it must depend upon many relevant factors, considered in light of what is just and reasonable. *Sides v. Sides, supra; Davis v. Davis,* 274 Ala. 277, 147 So.2d 828, 1 A.L.R.3d 1. Relevant factors are future prospects of the parties; their ages, sex, health and station in life; how long they were married; and in appropriate cases, the conduct of the parties with reference to the cause of the divorce.' . . .

"Therefore, in this instance, we can perceive of no reason why the lower court could not properly consider all aspects of the case in its determination of the amount of alimony."

As the record reveals and as set out hereinabove, the husband has for relevant purposes an estate of over $300,000. In addition thereto, he earns approximately $60,000 per year. Of this the wife received approximately $65,200 and $900 per month as periodic alimony. It should however be noted that of the $65,200 awarded to the wife, $50,000 is her one-half interest in the $100,000 homeplace.

The wife is fifty-four years of age and for all intent and purpose has never been employed. The husband is fifty-three years of age and is a practicing physician earning $60,000 per year. They were married for approximately thirty years. The wife has, to say the least, enjoyed during the marriage what might be called a high standard of living. There was very little, if any at all, testimony regarding the fact that the wife was not a good "homemaker." The husband's conduct with a third party has already been alluded to earlier.

■ Considering all the above, we find that the learned and distinguished trial judge did abuse his discretion and that the award to the wife is contrary to law and equity. See *Grant v. Grant,* 49 Ala.App. 559, 274 So.2d 329, appeal after remand 52 Ala.App. 365, 292 So.2d 660, cert. denied 292 Ala. 722, 292 So.2d 662, cert. denied 419 U.S. 867, 95 S.Ct. 124, 42 L.Ed.2d 105. We therefore find that in addition to the award made by the trial court the wife is entitled to the homeplace and adjoining lot.

The appellant has petitioned this court for an award for attorney's fee for her attorney on this appeal. A fee of $500 is hereby awarded.

The case is due to be affirmed in part and reversed and remanded in part for the entry of a decree not inconsistent with this opinion.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART WITH DIRECTIONS.