This appeal is from a decree of the Circuit Court of Tuscaloosa County divorcing the parties to this proceeding, making a property division, awarding alimony in gross to the wife, and requiring the husband to pay the costs of the proceeding and the wife's attorney's fee. Appellant-husband asserts that the trial court erred in its division of property and award of alimony in gross.
The facts show that the parties were married in 1966 shortly after both received undergraduate degrees from Cornell College in Mt. Vernon, Iowa. The husband at this time was pursuing a masters degree at the University of Denver in Denver, Colorado, which he received in 1967. During the short stay in Denver, the wife worked part-time in the University of Denver psychology department.
After the husband completed school in Denver, the couple moved back to Mt. Vernon, Iowa, where the husband was employed by Cornell College as a teacher. During the time the couple were in Mt. Vernon, the wife worked parttime and earned a masters degree in library science from the University of Iowa in Iowa City, Iowa. The husband paid the couple's living expenses and the wife's school expenses, including her tuition.
After living in Mt. Vernon for two years, the couple moved to Bloomington, Indiana, so that the husband could undertake training leading to a doctorate degree. He obtained an annual tax-free fellowship of $6,500 to underwrite the bulk of his expenses while seeking his doctorate. The wife worked parttime in a furniture store for a minimal wage, although she had been offered a job in a public library where she would have worked in her professional field and received a higher salary. Most of the furniture and furnishings owned by the couple at the time of their divorce were acquired during the time the wife worked at the furniture store; she exchanged her work for the furniture and furnishings and those items were also discounted to her because of her employment. *Page 492 
After the husband received his doctorate in 1972, the couple moved to Tuscaloosa, Alabama where the husband was employed by the University of Alabama. Several months after the move the wife found work with the University School of Business Administration as a librarian. Both parties are still employed by the University. The wife's present salary is $10,500. The husband earns $16,500 for a nine month term; if he teaches during the summer he receives thirty percent more. His salary for the previous year was approximately $19,000.
No children were born of the marriage.
The parties separated in April 1975 and the husband filed suit for divorce for incompatibility the following October. At the insistence of the wife, shortly before the separation the couple engaged in several sessions of marriage counselling which were unproductive. The husband remained unhappy with the marriage relationship and continued to insist upon obtaining a divorce. He moved out of the marital home, and a divorce for incompatibility was granted to him in May 1976.
At the time of the separation in 1975 the couple's marital property consisted of the household furniture and furnishings, a car, a joint checking account, a joint savings account, and some stocks and bonds. The husband testified that $10,000 would be required to replace the furniture and furnishings, although that was not the true value of the property since it had been purchased for considerably less than that amount and was now several years old. The wife estimated the value of the car, a 1975 Oldsmobile Starfire, to be $4,000. The husband stated it was purchased for $5,500 and at the time of trial the outstanding debt on the loan for it was $1,585. The joint checking account contained $1,500 when the parties separated on April 30, 1975; the wife said there was about $1,000 in the account when she closed it on August 30, 1975. Both parties made deposits to and withdrawals from the account during the interim between April and August. The joint savings account contained an amount estimated to be between $2,500 and $2,800. The stocks and bonds were valued at approximately $1,085.
The couple's only outstanding debts at the time of the divorce were $1,585 owed on the 1975 Oldsmobile automobile and $6,665 owed on a 1975 Alfa Romeo automobile purchased by the husband after the parties separated. Payments to a credit union for these two loans were deducted from the husband's salary.
As previously noted, the trial court divided the marital property by awarding to the wife all the household furniture and furnishings, the savings account, the Oldsmobile free of debt, and one-half of the proceeds from the sale of stock in the Continental Mortgage Company should it prove to have value. The husband received all of the jointly owned stocks and bonds, the Alfa Romeo, and the other half of the proceeds from the sale of the Continental Mortgage stock. The wife also was granted $10,500 alimony in gross to be paid in reasonable monthly payments. The husband was additionally required to pay the mortgage indebtedness on the two automobiles and the wife's attorney's fee of $600.
In deciding the merits of this appeal we begin with the proposition that when a trial court renders a decree after a hearing ore tenus, such decree is presumed correct if supported by the evidence. Davis v. Davis, 274 Ala. 277, 147 So.2d 828
(1962); Fultz v. Fultz, 47 Ala. App. 502, 257 So.2d 362 (1972).
With regard to the division of property and determination of alimony in a divorce case, such matters are within the sound discretion of the trial court and that discretion will not be reversed except for palpable abuse. Clary v. Clary, 56 Ala. App. 494, 323 So.2d 380 (1975); Capra v. Capra, 56 Ala. App. 90,319 So.2d 286 (1975). Furthermore, there are not fixed standards for determining the amount of alimony or for dividing the parties' property; as a consequence, each case must be decided on the basis of its own facts and circumstances Hutton v.Hutton, 284 Ala. 91, 222 So.2d 348 (1969); Helms v. Helms,54 Ala. App. 551, 310 So.2d 475 (1975). The division of *Page 493 
property is not required to be on an equal basis but nonetheless must be graduated upon the circumstances of the case. Walker v. Walker, 56 Ala. App. 98, 319 So.2d 718 (1975);Conwell v. Conwell, 56 Ala. App. 188, 320 So.2d 694 (1975).
In analyzing the husband's contention that the property settlement was inequitable and an abuse of the trial court's discretion, we note first that out of the marital property owned by the parties at the time of their separation the husband received only stocks and bonds valued at $1,085 at the time of trial; the wife received the rest. All of the items of personal property previously discussed were acquired during the ten year marriage by the joint efforts of both the parties and were intended to be for the benefit of both. While it is true that the furniture and furnishings were acquired due to the wife's employment in a furniture store, during that same period of time the husband was receiving a tax-free stipend which contributed to the support of both while the wife's salary was used to buy furniture. At other periods of the marriage the wife worked so that the husband could attend school; likewise the husband worked while the wife attended school.
A comparison of the relative values of the property received in the divorce shows that the wife received approximately eighty percent of the personal property jointly owned when the parties separated as opposed to only twenty percent received by the husband. We consider such an unequal division of property to be an abuse of the trial court's discretion in view of the particular circumstances of this case and the joint effort of the parties in acquiring the marital property.
We consider a fair and just division of property to be one allowing the wife to receive all of the furniture and furnishings owned by the parties at the time of divorce, the 1975 Oldsmobile and its outstanding indebtedness at the time of the divorce decree, $1,000 from the savings accounts, and one-half of the proceeds from the sale of stock in Continental Mortgage Company should it prove to have value. The husband should receive as his share the remainder of the savings accounts, the stocks and bonds owned by the parties at the time of the decree, and one-half of the proceeds from the sale of the stock in Continental Mortgage Company should such stock prove to have value.
The appellant-husband also maintains that the award of $10,500 as alimony in gross was an abuse of the trial court's discretion. In that alimony in gross is intended to compensate a wife for the inchoate marital rights and right to future support which she loses by virtue of the divorce, as well as substitute for a property settlement where liquidation of the marital property is not practical, we find no abuse of discretion in the $10,500 award.
Alimony in gross was defined in Hager v. Hager, 293 Ala. 47
at 55, 299 So.2d 743 at 750 (1974), as follows:
 "`Alimony in gross' is the present value of the wife's inchoate marital rights — dower, homestead, quarantine, and distributive share. It is payable out of the husband's present estate as it exists at the time of divorce."
Authority cited for this definition is Borton v. Borton,230 Ala. 630, 162 So. 529 (1935). We do not think the Borton
decision limits alimony in gross to compensate only for the lost inchoate property rights. The court there referred to both a husband's obligation to support his wife and to a wife's dower, quarantine, homestead and distributive share interests in her husband's property. It then stated:
 "The allowance of alimony in gross upon divorce is in part because of cutting off these prospective property rights of the wife." (Emphasis supplied.) 230 Ala. at 632, 162 So. at 530.
Prior to Borton, alimony in gross was stated in Smith v.Rogers, 215 Ala. 581, 112 So. 190 (1927) to effect a final termination of the property rights of the parties and was defined at page 583 of 215 Ala., at page 192 of 112 So. as: *Page 494 
 ". . . an approximate appraisal of the present value of the wife's future support, and, in a measure, a compensation for her loss of inchoate property rights in her husband's homestead and other estate. . . ."
This definition has been cited with approval by the supreme court subsequent to Borton, apparently unaltered by that decision. See, e.g., Le Maistre v. Baker, 268 Ala. 295,105 So.2d 867 (1958); Thompson v. Thompson, 282 Ala. 248,210 So.2d 808 (1968). Thus, we conclude that Hager was not intended to change the definition of alimony in gross as stated in Rogersv. Smith, supra, but was merely silent as to a present valuation of a wife's future support since that aspect of alimony in gross was not an issue in Hager.
In the case at bar the amount awarded was denominated by the trial court as alimony in gross, the amount was fixed ($10,500), the time of payment was certain (monthly until satisfied), and there was no reservation in the decree for future control by the court. We therefore consider the award to be alimony in gross. Hager v. Hager, supra. This award would have to be for the purpose primarily of compensating the wife for the loss of her future support because at the time of the divorce, the husband's estate did not have a value of much more than $1,500. However, he was earning a salary of approximately $20,000 a year with a reasonable expectation of earning more in the future. Considering the length of the marriage, the contribution made to the marriage by the wife, the ages and health of the parties, and the relative future earning capacities of the parties, we cannot say that the award of alimony in gross in the amount of $10,500 was an abuse of the trial court's discretion.
The wife filed a motion with this court requesting that a reasonable attorney's fee be granted to her counsel for the appeal of this case. After careful consideration of the facts in this case and the results of the appeal, we conclude that the motion should be denied.
The property is to be divided as previously set forth. The husband is required to satisfy the indebtedness on the automobile purchased by him after the separation, pay $10,500 as alimony in gross to the wife in reasonable monthly installments, and pay to the wife $600 as her attorney's fee. The decree appealed from is affirmed in part, reversed in part and remanded for entry of a decree in accordance with this opinion.
MOTION DENIED.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.