This is a divorce case.
The Circuit Court of Morgan County divorced the parties, made an award of support for the wife and minor child, and divided the property. From this decree the wife appeals. The dispositive issue before this court is whether the learned and distinguished trial judge abused his discretion in the award of support for the minor child and the wife, and whether the trial court abused its discretion in the division of property. We find such abuse and reverse and remand.
The record in this case consists of over 450 pages of transcript. This court has carefully reviewed the entire record and, viewing the evidence with the attendant presumptions accorded the trial court, finds the following.
The parties were married in 1966. The wife, at the time of marriage, was 16 years of age and lacked 2 years of completing high school. The husband, at the time of the marriage, was 20 years old and was employed by a local newspaper in the advertising department. The wife thereafter completed high school. The husband by extremely hard work, determination, and *Page 1043 
perserverance, became a real estate broker. A child was born in 1972; at the time of the divorce hearing, she was 4 years old.
In 1971, the first year the husband was in the real estate business on virtually a full time basis, his income was approximately $16,000. In 1972, the husband's income was approximately $40,000; in 1973, $90,000; in 1974, $95,000; in 1975, $96,000; and for the year 1976, his income was projected to be in excess of $100,000. The income of the husband was generated by the husband forming his own real estate company, employing 6 or more salespersons and, in general, devoting virtually all of his time and talents to the business.
During the marriage, the wife did not work and was, to say the least, not interested in the husband's business. Additionally, the wife made little if any, effort to improve herself educationally or otherwise. The wife did, however, care for the parties' child and performed normal household duties for the entire family.
Since forming the real estate business and during the marriage, the husband has acquired $171,000 in savings and several parcels of real property. The husband testified that his accumulated savings was to be used to build an office for his real estate business. He specifically testified that the present office was totally inadequate and was in need of repair. The value to the husband of the real estate in excess of the mortgages thereon is approximately $80,000. Included in this real estate is the parties' home which the husband valued at $42,500, with a mortgage of $20,000. The mortgage payments on the home are approximately $200 per month.
There is a great deal of testimony regarding the wife's conduct and attitude toward the husband. Suffice it to say there is ample evidence that the wife was extremely jealous toward her husband. This jealousy was so extreme that the wife sought psychiatric help. Her conduct toward the husband was spiteful and embarrassing. She did little to encourage his business activities. There is also ample evidence that the husband spent little time with his family, devoting most of his time to building a successful business.
With the above before the trial judge, the parties were granted a divorce on the ground of incompatibility of temperament. The custody of the minor child was awarded to the wife, the husband being given visitation rights. The home was awarded to the wife. However, she apparently was responsible for the mortgage payments. The household furniture was to remain with the wife, and she was given a 1973 Datsun automobile. Support for the child and wife was set at $600 per month. No breakdown of what portion of the $600 was to be periodic alimony and what portion was to be child support was made. Additionally, the husband was to pay up to $100 per month for psychiatric help if the wife chose to receive such help.
The wife received no portion of the $171,000 savings, and she was required to convey to the husband her interest in all the real estate owned by the parties. It should be noted that most of the real estate referred to hereinabove was jointly owned by the parties with the right of survivorship.
 I
The wife, through counsel, first contends that since the parties owned the real estate jointly, the trial court's action requiring the wife to convey her interest to the husband amounts to the wife having to pay alimony to the husband.
Both parties were properly before the court and had submitted to the jurisdiction of that court. This argument is therefore adequately disposed of by our presiding judge in Body v. Body,47 Ala. App. 443, 256 So.2d 184 (1971). See also, Phillips v.Phillips, 52 Ala. App. 234, 291 So.2d 322 (1974). We accordingly find no merit in this contention.
 II
In addressing ourselves to the primary issue, we begin with the proposition that when a trial court renders a decree after a hearing ore tenus, such decree is *Page 1044 
presumed correct if supported by the evidence. 2A Ala. DigestAppeal Error 934 (1). Additionally, with regard to the determination of alimony, the division of property, and the amount of child support in a divorce case, such matters are within the sound discretion of the trial court and that discretion will not be reversed except for palpable abuse.Clary v. Clary, 56 Ala. App. 494, 323 So.2d 380 (1975); Caprav. Capra, 56 Ala. App. 90, 319 So.2d 286 (1975); Pruett v.Pruett, Ala.Civ.App., 333 So.2d 580 (1976). Put another way, the amount of the awards is discretionary with the trial court, but the exercise of such discretion is judicial, must not be arbitrary, and is reviewable on appeal. Hardwick v. Hardwick,55 Ala. App. 156, 314 So.2d 76 (1975).
Furthermore, there are no fixed standards for determining the amount of alimony or for dividing the parties' property. Each case must be decided on the basis of its own facts and circumstances. Hutton v. Hutton, 284 Ala. 91, 222 So.2d 348
(1969); Helms v. Helms, 54 Ala. App. 551, 310 So.2d 475 (1975). The division of property is not required to be on an equal basis, but nonetheless must be granted upon the circumstances of the case. Walker v. Walker, 56 Ala. App. 98, 319 So.2d 718
(1975); Conwell v. Conwell, 56 Ala. App. 188, 320 So.2d 694
(1975).
While there is no fixed standard in determining what is a proper award, factors to consider include future prospects of the parties, their ages, sex, health, station in life, how long they were married, and in appropriate cases, the conduct of the parties with reference to the cause of the divorce. Brooke v.Brooke, 57 Ala. App. 704, 331 So.2d 715 (1976). It is appropriate to point out that the trial court may consider the conduct of the parties, even though the divorce was granted, as it was in this instance, on the ground of incompatibility of temperament. See Brooke, supra; and Gamble v. Gamble,53 Ala. App. 168, 298 So.2d 254, cert. denied, 292 Ala. 721,298 So.2d 260 (1974).
It is clear that the distinguished trial judge, in the matter now before this court, relied heavily on the aspect of the wife's conduct. It is equally clear that there is ample evidence that her conduct in large measure caused the marriage to fail. However, the fact remains that the parties were married for 10 years, the wife having married the husband when she was 16 years old; that the wife during this time performed normal household duties; that she was a good mother; that she has no marketable skill; that she has only a high school education; that she has some slight psychiatric or emotional problem.
On the other hand, the husband is a prosperous, industrious young business man. His income is over $100,000 a year; he has $171,000 in savings; he has real property with a value exceeding the indebtedness thereon of approximately $80,000; his health is apparently good; his prospects in life are good.
As noted earlier, the wife and child received $600 per month total as alimony and child support. Additionally, the wife was awarded the homeplace, but apparently is responsible for the mortgage payments of approximately $200 per month. She also received certain personal property and certain specific medical care.
Considering all of the above, we find that the learned and distinguished trial judge did abuse his discretion and that the award to the wife and the award of child support is contrary to law and equity. Brooke v. Brooke, supra; Grant v. Grant,49 Ala. App. 559, 274 So.2d 329, appeal after remand, 52 Ala. App. 365, 292 So.2d 660 (1973), cert. denied, 292 Ala. 722,292 So.2d 662, cert. denied, 419 U.S. 867, 95 S.Ct. 124,42 L.Ed.2d 105 (1974).
We therefore find that the wife is entitled to $900 per month as periodic alimony. The wife, on behalf of the child, is entitled to $400 per month as child support. The wife is entitled to the homeplace free of any encumbrances thereon. Specifically, the husband is, as soon as possible, to pay the existing mortgage in full and convey to the wife all his right, title and interest in *Page 1045 
the property. All other provisions of the trial court's decree not inconsistent with the above are to remain in force and effect.
This case is due to be affirmed in part and reversed and remanded in part for the entry of a decree not inconsistent with this opinion.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART WITH DIRECTIONS.
WRIGHT, P.J., and BRADLEY, J., concur.