This is a divorce case.
The parties were divorced by the Circuit Court of Jefferson County, Bessemer Division, on August 23, 1978 for incompatibility after a seven year marriage. One son was born to these parties, and was two and a half years old at the time of the divorce.
The court awarded custody of the child to the defendant-mother and ordered the plaintiff-father to pay $75 per week as child support. The court also awarded defendant periodic alimony of $75 per week, and gave her all of the household appliances and furniture and a 1973 Monte Carlo automobile. *Page 336 
The husband was also ordered to maintain in force for the benefit of the child a $100,000 life insurance policy and medical, hospital and dental insurance policies. He was also ordered to pay the excess of all bills for these services not paid by the insurers. Bills in the amount of $1,500 were ordered to be paid by the husband, and the wife's attorneys were authorized to receive from the husband $2,250 as a fee for their services.
The only piece of real property owned by the parties — a partially completed house — was ordered sold and the proceeds divided equally between the parties.
The trial proceedings were not recorded by a court reporter and the parties have filed here a statement of the proceedings as authorized by Rule 10 (d), ARAP.
On appeal the wife contends that the award of periodic alimony,[1] alimony in gross, and child support is inadequate to the point of being an abuse of the trial court's discretion.
The pertinent facts in this case show that the parties were married in 1971 or 1972, shortly after the husband was released from the military. They moved into a house located near the wife's parents and owned by the husband's father-in-law, for which they paid $100 per month rent. The husband worked at several jobs until 1974 when he went into the garbage collection business with a friend. The business prospered to the point that in 1977 the husband reported a gross income of approximately $55,000.
The wife worked for about two years after the marriage as a doctor's assistant. She stated that her net salary at the time she stopped working was about $225 bi-monthly after deductions. She has not worked at a regular job since 1974 except to assist her husband in his business when it was just beginning. She is about thirty years of age, in good health, and has a diploma from Alverson-Draughon Business College.
The wife testified that she would need about $1,090 a month for living expenses.
The husband is in his early thirties, is in good health, and, based on the success of his garbage collection business, has a bright business future.
The husband brought the action for divorce and contended at the hearing thereon that he and his wife were incompatible mainly because she resented his having a social drink and having his friends over to their house for a social drink. He also stated that his wife resented his failure to take her father into the garbage collection business. There was also testimony by the wife that the husband was having an affair with Kathy Webb. Both Kathy Webb and the husband denied any sort of relationship other than a casual one.
We approach a decision in this case with the principle in mind that when a trial court renders a decree after a hearing ore tenus, such decree is presumed correct if supported by the evidence. Stewart v. Stewart, Ala.Civ.App., 341 So.2d 490
(1977).
With regard to the determination and award of alimony in a divorce case, such is within the discretion of the trial court and an exercise of that discretion will not be reversed except for palpable abuse. Clary v. Clary, 56 Ala. App. 494,323 So.2d 380 (1975).
In determining the amount of alimony to be awarded, the trial court may properly consider the earning ability of the parties, their future prospects, their ages, their station in life, the duration of their marriage, and the conduct of the parties relative to the cause of the divorce. Chancellor v. Chancellor,52 Ala. App. 10, 288 So.2d 794 (1974).
Applying the above listed criteria to the facts in the instant case, we see a wife whose marriage lasted only six years and who is limited to an earning capacity of approximately $6,000 to $8,000 per year based on her education and training; *Page 337 
whereas the husband has demonstrated that he has the capacity to earn large sums of money. In 1974, the year the husband began his business, the wife and husband jointly reported about $13,000 in income. In 1975 the husband's taxable income was over $43,000 and in 1976 the husband grossed about $22,000. In 1977 the husband reported earnings of $55,000. Granted, the husband's income has fluctuated over the past several years. Nevertheless, his growth potential is clearly discernible from the evidence.
Furthermore, in the settlement of the parties' estate, the husband was permitted to keep his interest in his businesses, which amounted to a sizable sum. Yet the trial court ordered the only piece of real property owned by the parties, a jointlyowned residential property to be sold and the proceeds divided equally. Although the wife refers to this sale as alimony in gross, in truth it was merely an award of proceeds from the sale of residential property in which the wife already owned an undivided one-half interest.
We have previously held there is a distinction between a property settlement and an award of alimony. The sale of a jointly owned home and the equal division of proceeds therefrom between a husband and wife gives the wife what she already had title to. It is not an alimony in gross award, but a property settlement. See McWilliams v. McWilliams, Ala.Civ.App.,349 So.2d 59 (1977). She did not receive anything extra; only that which she already owned.
As to the periodic alimony award, the wife was given $75 per week, for a yearly sum of $3,900. She was also awarded $75 per week for the support of the two and a half year old child, i.e.
$3,900 per year.
Taking into consideration the child support award, the wife receives about $650 per month for her and her child's support. However, she stated that her monthly expenses were about $1,000 per month, and there was no evidence to the contrary.
Comparing the need of the wife for support to the ability of the husband to respond to that need, we see a wide disparity. The husband is earning, conservatively, $3,000-$4,000 per month and is well able to pay more than he was ordered to pay for the support of his wife. We therefore find that the trial court abused its discretion in the amount of periodic alimony awarded to the wife, and we reverse that portion of the decree.
The contention that the child support award is inadequate is without merit. The trial court not only required the husband to pay $75 per week as support for his two and a half year old child, but required him to pay all medical and dental bills incurred by the child. Considering the age of the child and the award for its upkeep, we find no abuse of discretion.
That portion of the divorce decree awarding the wife $75 per week as periodic alimony is reversed and the cause is remanded to the trial court for entry of judgment awarding the wife $150 per week as periodic alimony. All other portions of the divorce decree are affirmed.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P.J., and HOLMES, J., concur.
[1] Questions concerning the constitutional infirmity of statutes upon which periodic alimony awards are based are not properly before this court.