HOLMES, Judge.
This is a divorce case.
On May 5, 1981, the parties to this case were divorced. The trial court awarded the residence of the parties to the husband. The wife was awarded $3,000 as alimony in gross and the furniture was divided between the parties.
The wife appeals, contending that the trial court abused its discretion in failing to award her any interest in the residence. She also contends the trial court abused its discretion in awarding only $3,000 as alimony in gross and in failing to award any periodic alimony. We find no abuse of discretion and affirm.
The record, viewed with the attendant presumptions, reveals the following: The parties to this divorce action had been married approximately eight and one-half years. Both parties had been previously married. At the time of trial the husband was sixty-two years old and in good health. The wife was sixty and had some health problems. The husband was employed as a bus driver for Trailways, Inc., and had been so employed for thirty-eight years. Though the wife had been employed on a full-time basis when the parties married, at the time of the divorce the wife was working only on a part-time basis for minimum wage.
Except for a period of eleven months, the husband lived in the wife’s home in Birmingham from the time of the marriage until May, 1977. In May, 1977, the husband bought a home in Trussville, Alabama. Though the deed was in the name of both the husband and wife, the wife contributed nothing toward the purchase price. The *868 Trussville home was purchased with proceeds from the sale of property the husband had owned prior to the marriage and the proceeds from the sale of property the husband had purchased after the marriage along with proceeds from a loan.
Both the division of property and the award and amount of periodic alimony and alimony in gross are matters within the sound discretion of the trial court and will not be disturbed on appeal except upon a showing of plain and palpable abuse of that discretion. Armstrong v. Armstrong, 391 So.2d 124 (Ala.Civ.App.1980); Williams v. Williams, 389 So.2d 141 (Ala.Civ.App.1980); Weeks v. Weeks, 373 So.2d 848 (Ala.Civ.App.1979). After reviewing the record, this court concludes that no action taken by the trial court in the case before us constituted such an abuse of discretion as to require reversal.
We reach the conclusion that there was no abuse of discretion in failing to award the wife any share of the home after considering the length of the marriage, the fact that the husband’s funds were used to purchase the home and the fact that the wife already had a home in which she could live. Under the above circumstances it was not reversible error to award the home to the husband solely, even though it was the major asset of the marriage. See Roberts v. Roberts, 399 So.2d 316 (Ala.Civ.App.1981); Eubanks v. Eubanks, 52 Ala.App. 224, 291 So.2d 159 (1974).
Likewise, there was no abuse of discretion in the trial court’s action regarding alimony. In determining the propriety and the amount of either periodic alimony or alimony in gross the trial court may properly consider the parties’ ages, sex, health, station in life, conduct relative to the cause of the divorce and the length of the marriage. King v. King, 367 So.2d 492 (Ala.Civ.App.1979); Brooke v. Brooke, 57 Ala.App. 704, 331 So.2d 715 (1976). In the instant case the parties married at a relatively advanced age and remained married less than nine years. At the time of the marriage the husband was already well settled in his career. It is thus apparent that the wife had very little input of any nature in the advancement of the husband’s career and in the accumulation of assets by the husband. Additionally, there is no evidence that this marriage greatly increased the wife’s standard of living. Finally, though neither party was entirely blameless, there is evidence that the wife’s conduct was a major factor in the breakup of this marriage.
In view of the foregoing this court cannot conclude that the trial court erred in awarding the wife only $3,000 as alimony in gross and in failing to award any periodic alimony-
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.