HOLMES, Judge.
This is a divorce case.
After an ore terms hearing, the trial court divorced the parties, made a division of property, and ordered the husband to pay child support and alimony.
The husband, through able counsel, appeals contending the trial court so abused its discretion in the division of property and the awards of child support and alimony as to require reversal. We find no such abuse of discretion as to require reversal and affirm.
We do not deem it necessary or prudent to set out in detail the facts surrounding the instant appeal. Viewing the record with the attendant presumptions accorded the trial court’s decree, the following is relevant:
The parties were married over twenty years. There were two children born of the union. One child was eighteen years old at the time of the divorce and one was sixteen years old. The husband was employed by the U.S. Government and had a take home pay of approximately $2,300 a month. The wife did not work most of the marriage but had sometime prior to the divorce obtained part-time work. However, she was “laid off” prior to the divorce.
The parties during the marriage accumulated real and personal property of a value of over $250,000. In large measure these assets consisted of a home place of a value of approximately $110,000 and a bay home with a value of $60,000.
The trial court awarded the wife real and personal property of a value of over $150,-000, including the home place. The husband was awarded property (real and personal) of a value of over $100,000. Additionally, the husband was required to pay $300 per month as periodic alimony, $300 per month child support and other miscellaneous expenses.
There was also evidence that the husband was guilty of adultery.
Considering the length of the marriage, the employment history of the parties, the conduct of the parties, and the needs of the children, the trial court did not err. The following found in Shirley v. Shirley, 350 So.2d 1041 (Ala.Civ.App.), cert. denied, 350 So.2d 1045 (Ala.1977), and quoted in wife’s brief, is dispositive of this appeal.
“[W]e begin with the proposition that when a trial court renders a decree after a hearing ore tenus, such decree is presumed correct if supported by the evidence. 2A Ala. Digest Appeal & Error Key No. 934(1). Additionally, with regard to the determination of alimony, the division of property, and the amount of child support in a divorce case, such matters are within the sound discretion of the trial court and that discretion will not be reversed except for palpable abuse. Clary v. Clary, 56 Ala.App. 494, 323 So.2d 380 (1975); Capra v. Capra, 56 Ala.App. 90, 319 So.2d 286 (1975); Pruett v. Pruett, Ala.Civ.App., 333 So.2d 580 (1976). Put another way, the amount of the awards is discretionary with the trial court, but the exercise of such discretion is judicial, must not be arbitrary, and is reviewable on appeal. Hardwick v. Hardwick, 55 Ala.App. 156, 314 So.2d 76 (1975).
*887 “Furthermore, there are no fixed standards for determining the amount of alimony or for dividing the parties’ property. Each case must be decided on the basis of its own facts and circumstances. Hutton v. Hutton, 284 Ala. 91, 222 So.2d 348 (1969); Helms v. Helms, 54 Ala.App. 551, 310 So.2d 475 (1975). The division of property is not required to be on an equal basis, but nonetheless must be granted upon the circumstances of the case. Walker v. Walker, 56 Ala.App. 98, 319 So.2d 718 (1975); Conwell v. Conwell, 56 Ala.App. 188, 320 So.2d 694 (1975).
“While there is no fixed standard in determining what is a proper award, factors to consider include future prospects of the parties, their ages, sex, health, station in life, how long they were married, and in appropriate cases, the conduct of the parties with reference to the cause of the divorce. Brooke v. Brooke, 57 Ala.App. 704, 331 So.2d 715 (1976). It is appropriate to point out that the trial court may consider the conduct of the parties, even though the divorce was granted, as it was in this instance, on the ground of incompatibility of temperament. See Brooke, supra; and Gamble v. Gamble, 53 Ala.App. 168, 298 So.2d 254, cert. denied, 292 Ala. 721, 298 So.2d 260 (1974).”
350 So.2d at 1043-44.
The wife has requested a fee for representation on appeal. A fee of $500 is awarded.
AFFIRMED.
' WRIGHT, P.J., and BRADLEY, J., concur.