BRADLEY, Judge.
This is a divorce case.
The parties to this action were married on November 4, 1977. This was the second marriage for both. No children were born of this union. The wife’s daughter from a previous marriage lived with the parties.
The husband filed a complaint for divorce on February 14, 1985, alleging that there was an incompatibility of temperament and an irretrievable breakdown of the marital relationship. The wife answered, charging the husband with physical cruelty and seeking periodic alimony, alimony in gross, and an equitable division of property.
The trial court entered its final judgment of divorce on June 10, 1985. In its judgment the trial court awarded the parties’ residence to the wife and required that she make the mortgage payments on the house. The trial court also awarded the wife $36,000 as alimony in gross, payable in installments of $1,500 a month for two years. The wife was also awarded the majority of the parties’ household furnishings. The husband was awarded a condominium that he owned jointly with his daughter. The husband was required to pay the wife’s attorney fees of $7,500. The wife appeals from this judgment, contending that the trial court abused its discretion in failing to award her periodic alimony and in awarding her an insufficient amount of alimony in gross. She seeks on appeal an award of alimony in gross sufficient to pay off the mortgage on the home awarded to her and an award of periodic alimony sufficient to meet her economic needs.
The award and amount of periodic alimony and alimony in gross are matters within the trial court’s discretion and will not be disturbed on appeal except for palpable abuse of that discretion. Holmes v. Holmes, 409 So.2d 867 (Ala.Civ.App.1982). The exercise of this discretion, however, is judicial and not arbitrary and is reversible on appeal. Mack v. Mack, 389 So.2d 1156 (Ala.Civ.App.1980). The trial court in making its decision concerning an alimony award should consider the following factors: “the length of the marriage, the ages and health of the parties, the future employment prospects of the parties, the standard of living to which the parties have become accustomed during the marriage, and the conduct of the parties.” Duke v. Duke, 457 So.2d 432 (Ala.Civ.App.1984).
The parties were married for seven years. The husband is forty-six years old and is in good health. He is a CPA and works for a national accounting firm. His ownership interest in the firm amounts to $226,000. The husband’s total income for 1984 was $150,000, with his net income being $67,600. He also owns bonds and other securities in the approximate amount of $40,000.
The wife is forty years old and is in good health. She has a fifteen year old daughter by a prior marriage. The wife is a college graduate and at the beginning of the parties’ marriage she taught school in the Birmingham school system. She stopped teaching school and allowed her teaching certificate to expire. However, she stated that she planned to enroll in the graduate school at the University of Alabama in Birmingham to take courses that would enable her to obtain a teaching certificate. Such preparation would be completed in about one year.
The wife is presently employed by the Birmingham Stallions professional football team and earns about $500 per month. The wife testified that her monthly expenses range from $2,400 to $2,800. Included in this amount is the $900 per month mortgage payment on the marital home.
The evidence reveals that the parties enjoyed a high standard of living during the *602 marriage. They took frequent trips to various places in the United States and foreign countries. Oftentimes the wife’s minor daughter accompanied them on these trips. Notwithstanding the material advantages enjoyed by the parties, the evidence reveals that the parties did not enjoy a tranquil relationship.
The husband testified that the wife felt that she was intellectually superior to him and therefore criticized everything that he did. She was especially critical of his employment environment. As a result, the parties often verbally and physically abused each other. The husband testified that the wife had assaulted him and threatened him with scissors and a broom handle. She had also hit and scratched him. Sometimes she tore his clothes off him.
The husband said that he attempted to avoid or remove himself from these confrontations by leaving the house. However, the wife would follow him and continue the verbal assault. At times she would lie down behind the car to prevent him from driving off in the car.
The husband admitted to drinking sizea-ble amounts of alcoholic beverages and that sometimes his resulting condition caused him to defend himself more vigorously than at other times.
The wife testified that the husband’s drinking caused all of their problems. She said that when he was drinking he was very argumentative and belligerent.
After a careful review of the evidence in the record as summarized above, we cannot say that the trial court abused its discretion in the amount of alimony in gross awarded to the wife and in its refusal to grant the wife periodic alimony. The judgment of the trial court is affirmed.
The wife’s request for an attorney’s fee on appeal is denied.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.