231 So.2d 93

Temple W. **TUTWILER, II**

v.

Madria **ETHEREDGE et al.**

**6 Div. 585.**

Supreme Court of Alabama.

Jan. 8, 1970.

Rehearing Denied Feb. 12, 1970.

Thomas, Taliaferro, Forman, Burr & Murray, Birmingham, for appellant.

Malcolm L. Wheeler, Birmingham, for appellees.

SIMPSON, Justice.

The appellees, hereinafter referred to as plaintiffs, sued the appellant, hereinafter referred to as defendant, seeking damages from the defendant, the complaint charging trespass to a 40-acre tract of land belonging to the plaintiffs in Jefferson County.

The plaintiffs' case was to the effect that the defendant without permission trespassed on their land, the nature of the trespass being that without the consent of the plaintiffs the defendant bulldozed a road over the plaintiffs' property, enabling the defendant to reach an adjacent tract of land, not owned by the plaintiffs, for the purpose of drilling a well thereon.

The defendant admitted that he had bulldozed the road in question, but contended that he had a right to do so inasmuch as he owned the mineral rights under the plaintiffs' tract of land, and further that there was an existing public road over the property, which had been dedicated to the public and therefore his bulldozing of this road was not a trespass with respect to the plaintiffs.

The case was tried to a jury, which returned a verdict in favor of the plaintiffs in the amount of $2,750.00. Following the entry of a judgment against the defendant in that amount, the defendant filed his motion for a new trial and assigned as ground therefor, among other grounds, that the jury verdict was excessive. On April 16, 1968, the trial court entered an order finding the verdict and the judgment rendered thereon to be excessive in the amount of $750.00 and ordered that unless the plaintiffs filed a remittitur in that amount on or before May 7, 1968, the motion for new trial would be granted. On May 1, 1968, the plaintiffs filed the requisite remittitur and the defendant's motion for a new trial was overruled.

The defendant has appealed from the final judgment. It is the defendant's contention that the trial court erred in refusing to grant the affirmative charge in favor of the defendant as requested; in failing to grant the defendant's motion for new trial on the basis that the jury verdict in favor of the plaintiffs was contrary to the preponderance of the evidence; and in failing to grant the defendant's motion for a new trial because of the excessiveness of the jury's verdict.

These are the only propositions argued in brief and, therefore, the only issues which we are called upon to decide.

It was the plaintiffs' contention below that the defendant had bulldozed out a road over their property without their permission. The plaintiffs further testified that in so doing the defendant had defaced the property, marred it, damaged timber on it, and decreased its value. The plaintiffs testified that the defendant explained that he had to cut a road to a Mr. Rumore's property so that he could take a piece of heavy equipment to Mr. Rumore's property for the purpose of doing work for Mr. Rumore: It was conceded that there was another road not over the land of the plaintiffs, leading to the Rumore property, but the use of this road would have entailed utilizing a small bridge, and the defendant said that the bridge would not hold the weight of the equipment which he needed in connection with the work to be done for Mr. Rumore.

The defendant did not deny that he had cut the road, but contended that there was a pre-existing road, which he contended had been dedicated to the public, and further that he had the right to cut the road inasmuch as he held the mineral rights beneath the surface of the plaintiffs' property.

The evidence was conflicting with respect to the nature of the existing road, prior to the time the defendant bulldozed the same. The plaintiffs' witnesses testified that nobody had lived on the property

involved for more than 40 years; that there were several old wagon trails and walking trails, but no road in the sense that vehicular traffic could traverse their property existed prior to the time the defendant bulldozed the road in question. The defendant contended that a road had existed for many, many years and that he had only leveled it and widened it to enable him to get his equipment to the adjoining tract.

■ The plaintiffs did not deny that the defendant owned the mineral rights beneath the surface of their land, but contended that this gave him no right to cut the road through their land for the purpose of doing work on an adjacent tract. In this contention the plaintiffs are correct. It has long been the law in this state that one who acquires mineral rights under a tract of land does not acquire thereby the right to use that land to mine adjacent land. In Brasfield v. Burnwell Coal Co., 180 Ala. 185, 60 So. 382, this court held that while a mineral lease gave the lessee the right to use the lessor's land for the purpose of conducting mining operations on it, such a lease did not give the lessee the right to the use of the surface in order to mine coal on another's land. See also cases collated at 83 A.L.R.2d 670–674.

■ As indicated earlier, the evidence with respect to the nature of the road existing on the land prior to the action taken by the defendant was in sharp conflict. The defendant contended that it had been a public way while the plaintiffs contended that it had never been used by the public, but had been used only as walking trails or wagon trails. The plaintiffs put on evidence that the county had never maintained the road and it was not shown as a public road on any of the county's maps. In light of the conflict in the testimony with respect to this issue the trial court properly submitted the same to the jury. There was, therefore, no error in refusing the affirmative charge at the request of the defendant.

■ Only one issue remains and that is with respect to the defendant's argument that the jury's verdict was excessive. The trial court, in its oral charge, instructed the jury that it could consider only compensatory damages and not punitive damages. There was evidence in the case to the effect that the property had been damaged by a greater amount than the award made by the jury. The jury had the right to believe the plaintiffs' version of the case. Further, in connection with the action taken by the trial court in granting a new trial unless the plaintiffs filed a remittitur in the amount of $750.00, the trial court in effect endorsed an amount of $2,000.00 as the damages which had been suffered by the plaintiffs. We have carefully read the evidence with respect to the damages and we find that the record is replete with evidence which will support an award in this amount.

■ It has long been established that this court will not substitute its judgment for that of the trier of the facts where the evidence is conflicting, and particularly where the trial court has denied a motion for a new trial on the same grounds presented here, but in such instances it has consistently been held that such judgments are due to be affirmed. We find nothing in this case which justifies a departure from this well-settled principle.

Affirmed.

LIVINGSTON, C. J., and COLEMAN, BLOODWORTH and McCALL, JJ., concur.