Appellee, Grover S. McLeod, the executor of the estate of Magnolia Malone, brought suit to recover $26,400.00 allegedly taken unlawfully from the estate by appellants Lola Wiggins and Dorothy Nolen.
On July 19, 1973, Magnolia Malone, accompanied by her sister, Lola Wiggins, met with McLeod, an attorney, to discuss preparation of her will and what to do with a large sum of money she possessed. On McLeod's advice, Malone decided to place the money in a safety deposit box. McLeod then called a representative of First Alabama Bank of Birmingham and made arrangements for the rental of a safety deposit box.
The following day, Malone returned to McLeod's office with a sack containing a large sum of money. McLeod's secretary and bookkeeper counted the money which amounted to "around $28,000.00." McLeod testified that he then accompanied Malone and Wiggins to the bank and placed the sum in the safety deposit box which was in the joint names of Magnolia Malone and Lola Wiggins. It is controverted whether McLeod actually did accompany Mrs. Malone to the bank on July 20, and Ms. Wiggins testified that they did not take a sack of money to McLeod's office though she did admit that Malone put an undetermined but small sum of money in the safety deposit box.
Several years later Magnolia Malone died. Two days after her death, on July 1, 1976, Lola Wiggins and Dorothy Nolen, her daughter, entered the safety deposit box. On July 3, 1976, McLeod learned of Malone's death. Later that day he received a call from an unidentified source informing him that appellants were about to take a trunk belonging to Magnolia Malone and containing a great deal of money out of the state. McLeod went to Malone's home the same day and took possession of the trunk. After obtaining a key from Lola Wiggins on July 6, McLeod opened the trunk and found $10,223.00 inside. Wiggins told him that she had removed $1,117.10 from the trunk to pay funeral expenses. The same day, McLeod, in the presence of Wiggins entered the safety deposit box and found only $1,600.00 therein.
McLeod, as executor of the estate of Magnolia Malone, filed suit in the amount of $28,000 for money had and received by appellants. At trial, McLeod amended his claim to $26,400.00 which was the sum he allegedly put in the safety deposit box minus the amount found therein after Malone's death. The jury returned a verdict in McLeod's favor of $15,049.90.
Appellants contend that the verdict is a result of arbitration and compromise and is contrary to both the facts and law. They argue that there is no evidence of the actual amount of money contained in the safety deposit box nor is there any evidence showing that the money in the trunk was taken from the box. Appellants conclude that the jury reached its verdict by subtracting the sum found in the trunk from the amount appellee sought to recover. Such a verdict, according to appellants, is mere speculation and conjecture.
A jury verdict is presumed to be correct, and refusal of the trial court to grant a new trial because of insufficiency of the evidence strengthens the presumption of correctness. FirstSouthern Federal Savings Loan Association of Mobile v.Nicrosi, 333 So.2d 780 (Ala. 1976). Furthermore, a reviewing court, where sufficiency of evidence is at issue, must review only *Page 662 
those tendencies of the evidence most favorable to the verdict and indulge such inferences as the jury was free to draw; the verdict will not be set aside unless the preponderance of the evidence is so against the verdict as to convince the reviewing court that it is wrong and unjust. Id.; Dixie Electric Co. v.Maggio, 294 Ala. 411, 318 So.2d 274 (1975).
In the instant case, testimony was adduced at trial that Malone brought a sum of money to McLeod. McLeod's employees counted the money and reported that the amount was $28,000. McLeod says he went with Mrs. Malone and appellant Wiggins to the bank and deposited the money in a safety deposit box. No further entries to the box were made until appellants entered the box on July 1, 1976, two days after Malone's death. The only other entry to the box occurred five days later, July 6, when McLeod found only $1,600.00 remaining in the box. The same day, McLeod obtained a key from Wiggins to a locked trunk owned by Malone containing $10,223.00. There was sufficient evidence to support the jury's finding that the amount of money missing was $15,049.90 (the amount placed in the safety deposit box less the sum of the money found in the trunk, the money remaining in the safety deposit box, and the funeral expenses).
Accordingly, the verdict of the jury must be affirmed.
AFFIRMED.
MADDOX, JONES, SHORES and BEATTY, JJ., concur. *Page 883