This is an appeal from an order denying appellant's motion for new trial after judgment on jury verdicts for appellees in their suit on promissory notes, and for appellees on appellant's cross-claim and third party claim for fraud.
Edward and Margaret Wein filed suit against Trans-South-Rent-A-Car, Inc. (TSRAC) claiming on seven promissory notes. TSRAC filed an answer and a counterclaim against the Weins for fraud, the basis of the fraud being alleged material misrepresentations (that the corporation had no outstanding obligations to stockholders) made by Edward Wein to Baldwin to induce Baldwin to buy the stock. TSRAC then filed a third party complaint for fraud against Michael S. Wein (son of Edward and Margaret) alleging that if TSRAC was liable on the notes, it would be liable due to the fraud of Michael Wein, the third party defendant, on the basis of the same alleged misrepresentations. Baldwin joined TSRAC in both the counterclaim and the third party complaint.
The case was tried to a jury and verdicts were rendered in favor of Edward and Margaret Wein on each of the promissory notes, in favor of Edward and Margaret Wein on TSRAC's and Baldwin's counterclaim, and in favor of Michael Wein on TSRAC's and Baldwin's third party claim. After motion for new trial was denied, this appeal by Trans-South followed.
TSRAC was a closely held family corporation. All shares were held by Michael Wein, Edward Wein, and Michael Wein's former wife. Edward Wein and Margaret Wein (Michael Wein's parents) were holders of seven promissory notes payable upon demand by TSRAC, executed by Michael Wein, president of TSRAC, and attested by Edward Wein, secretary of TSRAC.
On October 27, 1976, Michael Wein sold 70 percent of the stock of TSRAC to Glenn Baldwin. The agreement to sell and buy the stock stated that it was based upon the accuracy of a balance sheet of the corporation. One balance sheet prepared August 31, 1976, reflected, without specifying, an *Page 727 
outstanding obligation to shareholders of more than $15,000. Another balance sheet prepared September 1, 1976, did not reflect the indebtedness. There was a conflict in the testimony about who directed the change in the balance sheets. There was some conflict as to whether Baldwin saw both financial statements before closing the deal.
Baldwin claimed he had no knowledge of the promissory notes. He testified that he was aware that there was a corporate debt to stockholders but added that he did not know that the debt consisted of the outstanding promissory notes. He also testified that he was assured that any amount owing to stockholders had been capitalized, cancelling any corporate debt to stockholders. The Weins claim that when Baldwin bought the stock he knew that there were outstanding obligations to stockholders, regardless of whether the outstanding obligations were the promissory notes, and that Baldwin therefore acted with knowledge. Moreover, a Mr. Herman, an accountant, introduced the parties, had custody of the company books, and knew of the existence of the debts. He was employed by Baldwin in other capacities, was an officer in one of Baldwin's corporations, and had prepared the two financial statements. He also was present at the closing of the sale.
Michael Wein's testimony was that he advised Baldwin about the debts and that he told Baldwin to negotiate with his father as to "capitalizing" them. The notes were not mentioned at the closing of the sale. The Weins did not offer information about the notes; and Baldwin did not inquire about them, or any other corporate debt.
Appellant, TSRAC, contends that the jury verdict is against the preponderance of the evidence, is contrary to principles of law concerning fraud, and is clearly erroneous because the facts unequivocally demonstrate fraud on the part of the Weins. Appellees, the Weins, concede that the facts presented by appellants at trial, if believed by the jury, would have constituted legal fraud and would have supported a verdict for appellants. However, appellees contend that the evidence they presented at trial negated fraud and that the evidence presented by all parties gave rise to a question of fact on the fraud issue, which was properly submitted to, and decided by, the jury.
We begin by restating our oft repeated rules regarding jury verdicts. Jury verdicts are presumed correct. Wiggins v.McCleod, 371 So.2d 660 (Ala. 1979). A denial of a motion for new trial strengthens the presumption of correctness of the verdict. Walker v. Cardwell, 348 So.2d 1049 (Ala. 1977). No ground for granting a new trial will be more carefully scrutinized or more rigidly limited than that the verdict is contrary to the weight or preponderance of the evidence. S.S.Kresge Co. v. Ruby, 348 So.2d 484 (Ala. 1977). A decision of the trial court refusing to grant a new trial, on the grounds of insufficiency of the evidence or that the verdict is contrary to the preponderance or the great weight of the evidence, will not be reversed unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. Walker v.Cardwell, 348 So.2d 1049 (Ala. 1977). A ruling on a motion for new trial is within the sound discretion of the trial court and should not be disturbed on appeal unless some legal right was abused and the record plainly and palpably shows that the trial court was in error. Robertson Banking Co. v. Ebersole,331 So.2d 278 (Ala. 1976).
Appellant, TSRAC, is correct in its assertion that its evidence, if believed by the jury, showed fraud. But the facts were not uncontradicted. Appellees, the Weins, are equally correct in asserting that the evidence they presented, if believed by the jury, negated the alleged fraud. The facts were thus controverted.
It is the function of the jury, which is authorized to determine the credibility of the witnesses and to draw all reasonable inferences from the evidence, to resolve controverted factual issues. Fleming v. Kirkpatrick,371 So.2d 16 (Ala. 1979). *Page 728 
Given the state of the record before us, and the controverted factual issues presented in this case, the issue of fraud was properly submitted to the jury for its determination. We cannot say that "after allowing all reasonable presumptions of [the verdict's] correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that [the verdict was] wrong and unjust." Walker v.Cardwell, supra.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.