This appeal comes to us from the Circuit Court for Baldwin County. Waites (plaintiff) brought suit for assault and battery against Shiver (defendant), seeking damages for personal injuries. The case was tried before a jury, which returned a verdict in the amount of $20,000.00 compensatory and $5,000.00 punitive damages. The trial court entered judgment accordingly *Page 503 
and defendant appealed after his motions for judgment notwithstanding the verdict, new trial, and remittitur were denied.
In essence, defendant raises three issues on appeal. For reasons discussed below we find all of them to be without merit and we, therefore, affirm. We will consider separately each issue.
On March 9, 1979, defendant went to plaintiff's home purportedly for the purpose of discussing a disputed amount of money due him from plaintiff's prior occupancy of his trailer lot. Plaintiff testified that upon arrival the defendant exited from his truck, approached the plaintiff with a claw hammer in hand, and attacked him. The evidence showed that plaintiff was struck with the claw hammer a number of times about his head, receiving cuts and gashes. Plaintiff was hospitalized from March 9 through March 11, 1981. He sustained medical expenses in the amount of $1,375.53. At the time of trial plaintiff testified that he suffered continued problems as a result of the attack. He related that he could not hear as well as he could before the attack. Plaintiff also testified that he had trouble with his balance and that he had impaired vision in one eye.
The first issue raised by the defendant is whether the jury's award of $20,000.00 compensatory and $5,000.00 punitive damages was so excessive as to require a new trial. The defendant also contends that the trial court erred in not granting his motion for remittitur. Defendant attempts to support his argument by saying there is nothing in the record to show that plaintiff's injuries are permanent in nature. Defendant calls to our attention the fact that the eye in which plaintiff testified he had impaired vision is the same one in which he earlier had a cataract operation. Considering those and other points raised by the defendant, we find no error by the trial court. It is well settled that we will not interfere with a jury verdict merely because we believe the jury gave too much or too little, and that great caution is exercised before a verdict is disturbed on the ground of excessiveness. Aspinwall v. Gowens,405 So.2d 134 (Ala. 1981); Carlisle v. Miller, 275 Ala. 440,155 So.2d 689 (1963). Our review of the facts leads us to conclude that the verdict is easily supported by the evidence and we, therefore, decline to disturb it.
Next, defendant argues that the photographs depicting plaintiff's injuries are too blurred, fuzzy, and confusing to have been properly admitted into evidence. In Raines v.Williams, 397 So.2d 86 (Ala. 1981), we observed:
 Photographs and testimony are relevant and admissible to help the jury to better understand the persons, object, locale, or conditions in issue. However, relevancy and introduction of both testimony and photographs are within the sound discretion of the trial court. This discretion is not reviewable in the absence of a gross abuse of that discretion. Costarides v. Miller, 374 So.2d 1335 (Ala. 1979); Moon v. Nolan, 294 Ala. 454, 318 So.2d 690 (1975).
Raines v. Williams, at 88. After reviewing copies of the photographs admitted into evidence, we cannot say that the trial court committed a gross abuse of its discretion in admitting them. Although the clarity of the photographs could be better, they, nevertheless, show plaintiff with gashes and cuts on his head. Consequently, we find no error in the trial court's ruling.
Finally, the defendant, in effect, argues that the verdict is contrary to the weight of the evidence. Defendant apparently argues that the trial court committed reversible error by denying his post-trial motions for JNOV, or in the alternative, new trial. Plaintiff's testimony, defendant insists, was inconsistent with a statement he had made to his physician concerning the length of time he was unconscious from the attack. The defendant theorizes that the jury should have found plaintiff's testimony untruthful and, therefore, disregarded it in its entirety. The defendant also argues that the jury apparently disregarded his own testimony. In short, the defendant's argument reduces itself to the proposition that the jury should have seen things his way. Assuming, without deciding, that they could have returned a verdict for the *Page 504 
defendant, the fact remains that they did not. The following principle of law enunciated by this court addresses defendant's argument.
 The ground of the motion that the verdict of the jury is contrary to the law and the evidence presents no other question than a consideration of the evidence to see if allowing all reasonable presumptions in favor of the correctness of the verdict, the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. State v. Boone, 276 Ala. 16, 158 So.2d 658. We have considered the evidence, and it is amply sufficient to sustain the verdict of the jury, and it does not appear wrong or unjust. The verdict will not be disturbed by this court on motion to set it aside on the ground it is contrary to the evidence, unless the evidence clearly convinces us that it is wrong and unjust. Atlantic Coast Line R. Co. v. Burkett, 207 Ala. 344, 92 So. 456.
Water Works and Sanitary Sewer Board of the City of Montgomeryv. Norman, 282 Ala. 41 at 46, 208 So.2d 788 at 792 (1968). Where the evidence is conflicting, this court will not substitute its judgment for that of the trier of facts.Tutwiler v. Etheredge, 285 Ala. 219, 231 So.2d 93 (1970). A denial of a motion for a new trial strengthens the presumption of correctness of a jury's verdict. Cecil CrewsChevrolet-Oldsmobile, Inc. v. Williams, 394 So.2d 912 (Ala. 1981); Water Works and Sanitary Sewer Board of the City ofMontgomery v. Norman, supra. Our review of this case does not allow us to conclude that "the evidence is so preponderant against the verdict as to clearly indicate that it was wrong and unjust." Cecil Crews Chevrolet-Oldsmobile, Inc. v.Williams, supra. We are, therefore, unable to reverse. The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.