Husband and wife were divorced by judgment entered on July 16, 1982. Paragraphs 7 and 8 of the decree provided as follows:
 "7. That Leroy Tanker be and hereby is appointed as Appraiser to fix the fair market value of the Viva Corporation and the Alabama Rental Corporation of the parties and that after said appraisal has been completed and duly filed in this Court, that the Plaintiff shall receive one-half of the Defendant's equity in the corporations as determined by the Appraiser herein and further that the Plaintiff shall convey to the Defendant all of her right, title and interest in and to said corporations within thirty days from this date and in the event the Plaintiff fails, refuses or neglects to do so that the Register of this Court is hereby authorized and empowered to execute said conveyance on behalf of the Plaintiff upon proper affidavit and legal description thereof being filed with the Court and the Plaintiff shall be held harmless from any liabilities due on said corporations.
 "8. That the equity as determined by the above Appraiser in the above corporations shall be paid to the Plaintiff as alimony in gross payable at the rate of $200.00 per month, including interest at the rate of 12%, until such time as the entire amount is paid in full."
Husband, on the date of the divorce, owned all of the outstanding stock in Viva Corporation and eighty percent of the outstanding stock in Alabama Rental Equipment, Inc. Leroy Tanker, a certified public accountant, prepared valuation reports of these two companies dated August 12, 1982. These reports were based on information supplied to Tanker by the bookkeeper for the two corporations and by onsite inspections of the physical assets of those companies. The reports fixed a value for Alabama Rental at $53,040 and Viva at a negative value of $18,010. For his services Mr. Tanker submitted a bill for $1,800 for each report.
Husband filed a written objection to these reports on November 17, 1983 questioning their accuracy and the methodology used. He also objected to the fees charged by Mr. Tanker.
Husband contends here that Tanker's reports are inaccurate. He says that an outstanding indebtedness of Viva was omitted from Tanker's assessment of husband's equity, thus showing an inflated interest of the husband in the company.
Even assuming that such was the case, the report submitted by Tanker revealed that Viva had a negative market value and husband was not assumed to have an equity in that business entity.
A certified public accountant testifying for the husband stated that the appraisal of Alabama Rental was flawed and again based his opinion on the failure of Tanker to include data that the witness said should have been included in the appraisal report.
The trial court heard and observed the witnesses testifying for each party and considered the reports of the appraiser appointed by the court. The court rendered a judgment in which it found that husband's equity in Viva had a zero value and that his equity in Alabama Rental had a value of $53,040.
Where evidence is conflicting, the reviewing court will not substitute its judgment for that of the trier of facts. Shiverv. Waites, 408 So.2d 502 (Ala. 1981). The evidence as to the value of the husband's equity in the two corporations was in conflict, and we will not substitute our judgment for that of the trial court in fixing the value of his equity.
After determining the value of husband's equity in the two companies, the trial court then awarded wife $26,520 as alimony in *Page 1028 
gross. This award amounted to one-half of husband's equity in Alabama Rental.
When a trial court renders a decree after a hearing ore tenus, such decree is presumed correct if supported by the evidence. Davis v. Davis, 274 Ala. 277, 147 So.2d 828 (1962). The division of property and determination of alimony in a divorce case are matters to be resolved by the trial court in the exercise of its discretion and the decision of the court will not be reversed except for an abuse of that discretion.Clary v. Clary, 56 Ala. App. 494, 323 So.2d 380 (Ala.Civ.App. 1975). As there are no fixed standards for determining the proper amount of alimony, each case must be decided on its own facts and circumstances. Helms v. Helms, 54 Ala. App. 551,310 So.2d 475 (Ala.Civ.App. 1975). Alimony in gross is intended to compensate a wife for the inchoate marital rights and right to future support which she loses by virtue of the divorce, as well as substitute for a property settlement where liquidation of the marital property is not practical. Stewart v. Stewart,341 So.2d 490 (Ala.Civ.App. 1977).
After carefully reviewing the evidence in the case at bar, we are not convinced that the trial court abused its discretion in the award of alimony to the wife.
Husband's other issue questions the $3,000 awarded to Tanker as an appraiser's fee. He says the award is not adequately supported by the evidence.
The trial court appointed Mr. Tanker, a certified public accountant, to appraise the value of the two companies and to report back to it. Mr. Tanker did so and submitted a bill to the court for his services. The bill was for $1,800 for each report, amounting to a total of $3,600.
The husband introduced evidence that Mr. Tanker should be paid no more than $600 to $1,000 per report. The court awarded Mr. Tanker $3,000, or $1,500 per report.
Again, where evidence is in conflict and the trial court's judgment falls within the perimeters of the evidence, this court will not substitute its judgment for that of the trial court. We find the amount of the fee awarded to Mr. Tanker to be supported by the evidence.
The judgment of the trial court is affirmed.
Wife's request for an attorney's fee on appeal is granted in the amount of $300.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.