ADAMS, Justice.
This is an appeal from the Colbert County Circuit Court’s judgment awarding $12,-700.00, plus interest, to Athel Hargett for partial construction of a polo field for defendant, Edward S. Robbins III. We affirm.
Defendant, Edward S. Robbins III, is the president of Intervinyls, a corporation located in Muscle Shoals, Alabama. Plaintiff, Athel Hargett, owns an earth moving/trucking business in Colbert County. In the spring or early summer of 1981, while Hargett was doing some work for Intervinyls, he was approached by Robbins about constructing a polo field bn some land which Robbins owned near Florence, Alabama. According to Hargett, Robbins told him that he would be doing this job for Robbins personally, not for Intervinyls.
Before work on the polo field was completed, Hargett either quit due to uncooperative personnel, and insufficient materials, or he was fired. In any event, the field was left unfinished, and, according to Har-gett, Robbins informed him that he would not be paid anything since the job was not *87 completed. Thereafter, Hargett filed suit, seeking damages for breach of contract and for money for work done. The jury returned a verdict in favor of Hargett and assessed damages at $12,700.00. The trial court applied interest at a rate of 8%, and entered judgment against Robbins in the amount of $14,620.66. Defendant filed a motion for new trial, which was overruled, and this appeal followed.
The dispositive issue on appeal is whether the evidence produced at trial supported the jury verdict and the judgment entered thereon.
It has long been the policy of this Court that a jury’s resolution of disputed issues of fact will not be reversed on appeal unless the verdict is against the preponderance of the evidence, or is clearly wrong or unjust. Osborne v. Cobb, 410 So.2d 396 (Ala.1982). “Moreover, this ‘presumption of correctness’ is strengthened where, as here, the trial court denies a motion for a new trial based upon a claim that the verdict is not supported by the evidence.” Kent v. Singleton, 457 So.2d 356 (Ala.1984); citing Smith v. Blankenship, 440 So.2d 1063 (Ala.1983).
We are of the opinion that the jury was presented with sufficient evidence to support its finding that Hargett had contracted with Robbins personally to construct a polo field for him. Robbins argues that, if there was a contract, it was between Har-gett and Intervinyls, and thus that he was not personally liable to Hargett. In support of this contention, Robbins directs the Court’s attention to the method of billing and payment, wherein Hargett sent all his bills to Intervinyls and was subsequently paid by Intervinyls, and not Robbins personally. These bills and payments, however, related to work done by Hargett for Intervinyls separate from the job he was asked to do by Robbins regarding the polo field, and thus are of no consequence in this case.
The jury was also presented with evidence that Robbins reserved the right to personally oversee the polo field project, and that Hargett had to produce insurance papers which relieved Robbins from any liability concerning the job. Also, the land on which the field was being constructed was owned by Robbins personally and not by the corporation.
We are not convinced that the jury’s verdict in this case is against the great weight of the evidence. Where, as here, the jury returns a verdict based upon conflicting evidence, this Court will not substitute its judgment for that of the trier of facts. Tutwiler v. Etheredge, 285 Ala. 219, 231 So.2d 93 (1970). Therefore, the judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.