I respectfully dissent from the court's opinion in this case.
The opinion of the majority apparently takes the position that the husband could not be required to pay $4,000 alimony in gross because he had no asset worth that much other than his inheritance. The effect of such a holding is particularly disturbing to me.
The majority appears to take the position that the award of alimony in gross is improper unless the payor spouse has a special fund out of which the alimony may be paid. Such an approach is, in my opinion, too narrow. It will effectively tie the hands of a trial judge who is trying to provide future support to the payee spouse and compensate him or her for contributions to the marriage — the purposes of alimony in gross. See Andrews v. Andrews, 454 So.2d 1026 (Ala.Civ.App. 1984).
The question before this court is whether the trial court abused its discretion in awarding the wife $4,000 alimony in gross under the facts and circumstances of this case. The question of where the husband is to get the $4,000 to pay the alimony is, in my opinion, immaterial.
The record before this court does not establish any abuse of discretion by the trial court in awarding the wife $4,000 alimony in gross. The evidence clearly showed that she was entitled to some measure of future support, as well as compensation for her contributions to the parties' eight-year marriage, and that the award of $4,000 was appropriate for such purposes.
I would, therefore, affirm the decision of the learned trial judge.