ROBERT P. BRADLEY, Retired Appellate Judge.
The plaintiffs appeal from a judgment of $375 rendered in their favor on the ground that the judgment is not supported by the evidence.
Henry and Rita Mae Berry filed an action in the District Court of Barbour County against Billy Morris seeking damages for a breach of a house remodeling contract. The cause was transferred to the Circuit Court of Barbour County, where a jury trial was held and a verdict rendered in favor of plaintiffs for $375. After a judgment for said amount was filed, the plaintiffs moved for a new trial, mainly on the ground that the verdict and judgment are unsupported by the evidence. We disagree and affirm the trial court’s judgment.
A jury verdict is presumed to be correct, and the refusal of the trial court to grant a new trial because of the insufficiency of the evidence strengthens the presumption of correctness. Wiggins v. McLeod, 371 So.2d 660 (Ala.1979).
“Damages for breach of contract need not be assessed with mathematical precision. United Bonding Ins. Co. v. W.S. Newell, Inc., 285 Ala. 371, 232 So.2d 616 (1970). Mere uncertainty as to the amount will not preclude the right to recovery or prevent a decision awarding damages. All that is required is that the evidence, with as much certainty as the situation permits, lay a foundation with which the trier of fact may make a fair and reasonable estimate of the amount of damages. 22 Am.Jur.2d 44, Damages § 25 (1965), quoted with approval in United Bonding Ins. Co. v. W.S. Newell, Inc., supra.”
Farmer v. Strother, 423 So.2d 252 (Ala.Civ.App.1982).
The evidence shows that the plaintiffs contracted with defendant to do some remodeling on their house. The work was done and the defendant was paid the amount called for in the contracts. Later, plaintiffs advised defendant that several items of work were either not completed or were improperly completed, and requested that he return and finish the job. The defendant did not respond to plaintiffs’ request to properly finish the job.
*570 The evidence relating to the value of the repairs necessary to satisfy plaintiffs’ complaints was in sharp conflict. The plaintiffs produced a witness who testified that it would cost $11,305 to correct the problems resulting from defendant’s work. The defendant testified that some of plaintiffs’ complaints were not items of work for which he should be held responsible, and that the items for which he admitted responsibility were valued from $125 to less than $500.
The jury verdict of $375 falls within the scope of the testimony adduced at trial. Consequently, we cannot say that the verdict is not supported by the evidence.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.