ROBERT P. BRADLEY, Retired Appellate Judge.
This is a divorce case.
Robert W. Davidson filed an action for divorce from his wife, Josephine M. Davidson, in the Circuit Court of Baldwin County, Alabama. Attached to and made a part of the complaint was a “Separation Agreement” entered into by the parties in 1985 in the state of Florida. The wife filed an answer to the complaint and a counterclaim. The husband answered the counterclaim.
On October 17, 1988 the husband amended his complaint to ask the court for specific performance of the “Separation Agreement” as a legally binding contract. The wife filed an answer to the amended complaint, in which she denied the allegations of the complaint.
On November 30, 1988 the husband filed a motion for partial summary judgment on his request for specific performance of the “Separation Agreement.” The summary judgment motion was accompanied by the husband’s affidavit. The wife responded to the motion by objecting to the “Separation Agreement” on the grounds of mental duress, confusion, and the husband’s alleged misrepresentations concerning its contents. The wife’s response was accompanied by her affidavit. Based on the above, the trial court granted the partial summary judgment. According to the trial court, the sole remaining issue was whether there existed a sufficient incompatibility of temperament to warrant granting a divorce. This issue was to be determined after a hearing.
On February 21, 1989 the wife filed a motion to alter, amend, or vacate the summary judgment. She asserted that the summary judgment terminated all of her present and future rights and that she wanted a hearing on the financial status of the parties and a different award of alimony. This motion was denied on February 23, 1989. The wife then filed a Rule 60(b), Alabama Rules of Civil Procedure, motion on similar grounds. The February 23,1989 order was set aside, and a hearing was set for May 16, 1989 on the wife’s Rule 60(b) motion.
After a hearing on May 16, 1989, the trial court, on June 6, 1989, entered a decree divorcing the parties on the ground of incompatibility and adopting the provisions of the “Separation Agreement,” except that paragraph 21 thereof was deleted as against public policy and paragraph 9 was modified to require the husband to pay the wife $500 per month, instead of $500 per month for five years, as periodic alimony until her death or remarriage.
The wife filed a motion for a new trial. The husband filed a motion to alter, amend, or vacate the divorce decree, mainly on the ground that there was no evidence to support the award of $500 monthly as periodic alimony. This motion was denied except that the court modified the divorce decree to provide, in addition to the other named grounds, that the alimony would terminate if the wife were shown to be cohabiting with a member of the opposite sex.
*760 In brief here the husband’s sole issue is whether the trial court can award a different amount as alimony than that contained in the “Separation Agreement” without proof to support the amount awarded.
The record, as the husband points out in brief, clearly supports the contention that only two matters were before the court at the May 16, 1989 hearing. Those two issues were (1) whether there had been any fraud, misrepresentation, or duress used to obtain the wife’s consent to the “Separation Agreement” and (2) whether there existed grounds for a divorce. A careful reading of the record reveals that the trial court diligently restricted counsel to these two issues and refused to allow evidence of any other issue.
In the absence of fixed standards for determining the proper amount of alimony to be awarded in a divorce case, each case must depend upon its own facts and circumstances. Andrews v. Andrews, 454 So.2d 1026 (Ala.Civ.App.1984). In fashioning an award of periodic alimony, as well as in determining its duration, the trial court considers such factors as future prospects of the parties, their ages, health, station in life, and conduct during the marriage. Beckwith v. Beckwith, 475 So.2d 575 (Ala.Civ.App.1985). The determination of alimony in a divorce case results from the exercise by the trial court of its discretion, and the court’s decision will not be overturned except for an abuse of that discretion. Andrews.
Not only is the record devoid of any evidence which would support an award of $500 per month as periodic alimony, but it clearly appears therefrom that the trial court did not consider, nor did it intend to consider, any evidence relating to the financial circumstances of the parties at the May 16, 1989 hearing. Moreover, the record reflects no other hearing relating to this subject.
Based on the absence of evidence in the record to support the award of $500 per month as periodic alimony, we must hold that the trial court abused its discretion in this aspect of the decree. Hence, the trial court’s decree is reversed and the cause remanded for entry of a decree in conformity with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.