THIGPEN, Judge.
This case involves post-divorce proceedings.
The wife filed a motion seeking to have a separation agreement modified. That agreement was entered into by the parties prior to the entry of divorce and was adopted by the trial court as a part of the divorce decree except for certain modifications made by the trial court. The husband answered with a general denial. The trial court denied the wife’s motion, without a hearing. After her post-trial motion to alter, amend, or vacate that order was denied, the wife appealed.
These parties were before us previously concerning the award of periodic alimony. See, Davidson v. Davidson, 560 So.2d 758 (Ala.Civ.App.1990). A reading of that case reveals that the parties were divorced in *1363 June 1989, and that the provisions of the separation agreement were adopted into the divorce decree, except for paragraph 21, which was deleted, and paragraph 9, which was modified. The modification required the husband to pay the wife a certain amount per month, instead of a certain amount per month for five years, as periodic alimony. In that appeal, the husband successfully challenged the change in the alimony award made by the trial court. We determined there that the trial court did not consider any evidence relating to the financial circumstances of the parties. Due to the absence of evidence in the record to support the change in the award made by the trial court, we reversed and remanded the cause to the trial court for the entry of a decree in conformity with that opinion.
Before the trial court could comply with that remand, the wife filed a motion with the trial court to modify the separation agreement. From the scant record before us, it appears that the facts in this case have not changed since this court’s opinion in February, 1990. When the trial court entered its order dismissing the wife’s motion to modify the separation agreement, it also entered language stating that it was striking that portion of the divorce decree that set the alimony obligation at $500 per month at the instructions of this court in the remand.
In this appeal, the wife contends that the trial court abused its discretion in denying her motion to modify the separation agreement and the subsequent post-trial motion. She argues that the trial court never allowed her an opportunity to present evidence to support her claim. She provided in this appeal and references in her brief, the transcript of a hearing held in May 1989, which was before the first appeal. Particularly, she points out portions there in which the trial court advised the wife’s attorney that he could amend his pleadings, file additional pleadings, or, if alleged, could pursue a material change in circumstances.
Our review of the record reveals that the wife requested to have the separation agreement modified, not the divorce decree that was entered on June 6, 1989. The separation agreement, with a modification concerning alimony, was adopted by the trial court in the divorce decree and became a part of the final decree. The modification to alimony that the trial court made in its final divorce decree was reversed by this court. See, Davidson, supra. Therefore, it appears that at the time the wife filed her modification request concerning the alimony award, the separation agreement had merged into the divorce decree intact.
The law is clear that when a trial court adopts a separation agreement made prior to divorce, it is merged into the final decree of divorce. Fox v. Dick, 389 So.2d 940 (Ala.Civ.App.1980). It loses its identity and ceases to operate separately. Wise v. Watson, 286 Ala. 22, 236 So.2d 681 (1970).
Here, the wife asked the trial court to modify something that does not exist. Accordingly, the judgment of the trial court is due to be and is hereby affirmed.
AFFIRMED.
RUSSELL, J., concurs.
ROBERTSON, P.J., concurs in result only.