SHORES, Justice.
Akzo Chemicals, Inc., appeals from a judgment based on a jury verdict of $41,-200.80 in its favor in a suit against Lining Technologies, Inc., alleging breach of contract and breach of implied and express warranties. Akzo contends that the jury award was inadequate to compensate it for consequential damages, and requests an additur in the sum of $57,336.07 or a new trial on the issue of damages. Akzo also contends that the trial court erroneously refused to charge the jury as to what was the controlling agreement between Akzo and Lining Technologies that led to the breach of contract and breach of warranty claims.
The evidence in the record on appeal indicates that Akzo and Lining Technologies entered into a series of negotiations for Lining Technologies to replace the lining in one of Akzo’s chemical storage tanks. The evidence also shows that the parties proposed different warranties and disclaimers, and that Lining Technologies relined the tank but months later refused to repair the tank and replace the liner when the integrity of the liner failed.
Akzo presented evidence of the agreement between the parties and of the costs it incurred in repairing and relining the tank after Lining Technologies refused to do that work. On cross-examination, Lining Technologies disputed some of this evidence. The jury awarded damages to Akzo, but less than Akzo had sought. Akzo moved for an additur, or, in the alternative, for a new trial; both were denied by the trial court.
It is well established that a trial court, as well as an appellate court, must presume that a jury verdict is correct “where there is some evidence, or a reasonable inference therefrom, to support the verdict, and that this presumption is strengthened when the trial court denies a motion for a new trial.” Thompson v. Cooper, 551 So.2d 1030, 1031 (Ala.1989). Thus, the amount of damages to be awarded based on conflicting evidence is within the jury’s discretion. Because, in this instance, there is conflicting evidence from which more than one inference could be drawn, the question of the appropriate measure of damages, the question of what the controlling agreement between the parties was, and the question of how that agreement applied to the facts of this case, should be questions for the jury. See Bean v. Craig, 557 So.2d 1249 (Ala.1990).
The judgment is affirmed on the basis of these reasons and on the authority of Smith v. MBL Life Assurance Corp., 589 So.2d 691, 695 (Ala.1991); Atkins Ford Sales, Inc. v. Royster, 560 So.2d 197, 202 (Ala.1990); Brannon v. Webster, 562 So.2d 1337, 1339 (Ala.Civ.App.1990); Berry v. Morris, 541 So.2d 569, 570 (Ala.Civ.App. 1989); G.M. Mosley Contractors, Inc. v. Phillips, 487 So.2d 876, 879 (Ala.1986); George v. Nevett, 462 So.2d 728 (Ala.1984); and Hawkins v. League, 398 So.2d 232, 235 (Ala.1981).
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.