SHORES, Justice.
This case involves a two-vehicle accident. The plaintiff, James E. Horace, appeals from a judgment rendered on a jury verdict *75 for the defendant, Jessie Lois Waters. The sole issue on appeal is whether the jury’s verdict was supported by the evidence. We affirm.
Horace was traveling west in the inside lane of Rucker Boulevard in Enterprise, Alabama. Rucker Boulevard is a four-lane highway with a center, or turn, lane. Waters contends that her vehicle was completely stopped in the center, or turn, lane of Rucker Boulevard, and that she was waiting for traffic to clear so that she could also travel west. As Horace’s vehicle passed Waters’s vehicle, the two vehicles bumped slightly, with the left rear bumper of Horace’s vehicle touching the right front bumper of Waters’s vehicle. The parties disputed the location of the vehicles at the time of the touching and also disputed which vehicle initiated this touching.
The function of the jury, which is authorized to draw all reasonable inferences from the evidence, is to resolve all factual disputes, including controverted factual inferences. George v. Nevett, 462 So.2d 728 (Ala.1984). Because the evidence conflicted and would support more than one reasonable inference, the issues of where the vehicles were located and which vehicle bumped the other were questions for the jury. Bean v. Craig, 557 So.2d 1249 (Ala.1990).
“ ‘Upon review of a jury verdict, we presume that the verdict was correct; we review the tendencies of the evidence most favorably to the prevailing party; and we indulge such reasonable inferences as the jury was free to draw from the evidence. We will not overturn a jury verdict unless the evidence against the verdict is so much more credible and convincing to the mind than the evidence supporting the verdict that it clearly indicates that the jury’s verdict was wrong and unjust.’
Campbell v. Burns, 512 So.2d 1341, 1343 (Ala.1987). (Citation omitted.) See, also, Ashbee v. Brock, 510 So.2d 214 (Ala.1987); Jawad v. Granade, 497 So.2d 471 (Ala.1986); and White v. Fridge [461 So.2d 793 (Ala.1984)], supra.”
Charter Hospital of Mobile, Inc. v. Weinberg, 558 So.2d 909 (Ala.1990).
Upon the authority of the cases cited above, we affirm the judgment based on the jury’s verdict.
Waters’s motion to dismiss the appeal is denied.
MOTION DENIED; AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.